BEZTAK COMPANY v CITY OF FARMINGTON HILLS

Docket No. 74627. Submitted May 9, 1984, at Lansing.—Decided
August 20, 1984. Leave to appeal applied for.

Plaintiffs, Beztak Company, Beznos Realty Investment Company,
and Edward Rose Building Company, are owners of apartment
complexes in the City of Farmington Hills. The city refused to
provide rubbish collection services within the apartment com-
plexes, because the city will provide curbside collection services
only on public streets or on private streets built to city specifi-
cations, and none of the apartment buildings front on a public
right-of-way and the city refused to use the private roads in the
complexes. Plaintiffs brought an action against the city, claim-
ing that the city's policy denies the owners of multiple-family
dwellings the equal protection of the law. The Oakland Circuit
Court, Robert C. Anderson, J., held that the defendant's policy
was reasonable and entered judgment in favor of defendant.
Plaintiffs appealed. *Held:*

Review of a challenged legislative policy under equal protec-
tion analysis is limited to the issue of whether there is any
state of facts to support the policy, which is accorded a pre-
sumption of constitutionality. The classification in this case is
not, as plaintiffs contend, between single-family and multiple-
family dwellings but, rather, between curbside collection along
public roads or private roads meeting city specifications and
non-curbside collection using private roads not built to city
specifications. It is reasonable for the defendant to wish to
avoid the problems inherent in the use of narrow and poorly
constructed roads, in order to enhance the legitimate legislative
goal of reducing costs and promoting efficiency in rubbish
collection. Thus, the classification has a rational basis and does
not deny plaintiffs equal protection of the law.

1. CONSTITUTIONAL LAW — EQUAL PROTECTION.

The test to be applied where a legislative enactment is challenged

REFERENCES FOR POINTS IN HEADNOTES
[1] 16A Am Jur 2d, Constitutional Law §§ 735, 747.
[2] 16 Am Jur 2d, Constitutional Law § 212.
[3, 4] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions §§ 457, 461.

as denying equal protection of the law is (1) whether the enactment's classifications are based on natural distinguishing characteristics and bear a reasonable relationship to the object of the legislation, and (2) whether all persons of the same class are included and affected alike or whether immunities or privileges are extended to an arbitrary or unreasonable class while being denied to others of like kind.

2. CONSTITUTIONAL LAW — EQUAL PROTECTION — PRESUMPTION OF CONSTITUTIONALITY.

A legislative enactment challenged on an equal protection basis is accorded a presumption of constitutionality; the court's inquiry is restricted to the issue of whether any state of facts, either known or which reasonably could be assumed, supports the enactment.

3. MUNICIPAL CORPORATIONS — RUBBISH COLLECTION.

A municipality is not obligated to provide rubbish collection services (MCL 123.261; MSA 5.2681).

4. MUNICIPAL CORPORATIONS — RUBBISH COLLECTION — EQUAL PROTECTION.

A municipality's decision to limit rubbish collection services to curbside collection along public roads or private roads meeting city specifications is rationally related to the legitimate legislative goal of reducing costs and promoting efficiency in rubbish collection by avoiding problems such as potential property damage caused by use of narrow and poorly constructed private roads.

*Evans & Luptak* (by *Gordon S. Gold),* for plaintiffs.

*Brennan, Bibeau & Poehlman, P.C.* (by *Paul H. Bibeau),* for defendant.

Before: V. J. BRENNAN, P.J., and R. B. BURNS and C. R. COLEMAN,* JJ.

R. B. BURNS, J. Plaintiffs appeal from a circuit court judgment upholding defendant's policy of

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

refusing to provide rubbish collection services within certain apartment complexes owned by plaintiffs. We affirm.

The apartment complexes at issue have 1704 units. The roads within each of these complexes are privately owned. Defendant is willing to provide curbside rubbish service, but only on public streets or private streets built to its specifications. None of the apartment buildings in these complexes fronts a public right-of-way so that the curbside rubbish collection service could be used. Defendant refuses to use the private roads in the complexes. Consequently, plaintiffs have obtained rubbish collection service from another contractor.

Plaintiffs commenced the present action contending that defendant's rubbish collection policy denied the owners of multiple-family dwellings equal protection of the law. In support of this contention, plaintiffs alleged that curbside rubbish collection services are provided by defendant to a private residential development named Ramblewood which consists of single-family residences and condominiums, even though the roadways within Ramblewood are privately owned.

Defendant contended that its policy of providing rubbish collection service to all residential units in the city, provided the rubbish is properly bagged and placed on the curb, is reasonable. Defendant claimed that it had stood ready to provide such service to plaintiffs' apartment complexes if the rubbish was properly bagged and put on the curb of public streets. Although defendant has admittedly provided rubbish collection service to Ramblewood, defendant pointed out that these condominiums are similar to single-family units in that each condominium faces a street built to defendant's specifications, therefore insuring that this

street is identical to public thoroughfares. By contrast, the roads on plaintiffs' apartment complexes are not built to defendant's specifications but are narrow and "less substantial" than city roads. In addition, defendant claims that plaintiffs desire dumpster service rather than the curbside collection used at Ramblewood.

In *Alexander v Detroit,* 392 Mich 30, 35-36; 219 NW2d 41 (1974), a case also dealing with rubbish collection, the Supreme Court described the test to be applied to equal protection challenges:

"(1) Are the enactment's classifications based on natural distinguishing characteristics and do they bear a reasonable relationship to the object of the legislation? * * *

"(2) Are all persons of the same class included and affected alike or are immunities or privileges extended to an arbitrary or unreasonable class while denied to others of like kind?" (Citations omitted.)

Accord, *Shavers v Attorney General,* 402 Mich 554, 611-614; 267 NW2d 72 (1978), *cert den* 442 US 934; 99 S Ct 2869; 61 L Ed 2d 303 (1979); *Seals v Henry Ford Hospital,* 123 Mich App 329, 340; 333 NW2d 272 (1983).

Under equal protection analysis, the challenged legislative judgment is accorded a presumption of constitutionality. Our inquiry is restricted to the issue of whether any state of facts, either known or which could reasonably be assumed, supports this judgment. *Shavers v Attorney General,* supra, pp 613-614.

The trial court relied principally upon the New Jersey Supreme Court's decision in *Pleasure Bay Apartments v Long Branch,* 66 NJ 79; 328 A2d 593 (1974), wherein the plaintiff apartment owners contended that curbside collection denied them

equal protection. Plaintiffs asserted that it was impracticable for large apartment complexes to transport rubbish to the curb, that this would create a health hazard, that only a small number of the apartment units would be able to avail themselves of the service, and that "dumpster collection" was actually less costly than curbside collection. After discussing the municipality's authority to regulate refuse collection and the permissive nature of such authority, the New Jersey Supreme Court upheld the curbside collection system, noting that:

"No case has ever held that a municipality electing to furnish garbage removal services at municipal expense must provide means and facilities which are all inclusive and will insure collection of all garbage and refuse produced in the municipality. All cases which have dealt with the issue have ruled to the contrary." *Id.,* p 90.

Recognizing that classifications were proper, the court set forth a test for equal protection challenges quite similar to that expressed in *Alexander v Detroit, supra.* The court then stated:

"We hold that the determinations of the defendant municipalities to limit the garbage service furnished by them to curbside collection does not amount to invidious discrimination. * * * [W]e are satisfied that the classification resulting from such limitation is based on real and not feigned differences in the problems inherent in collection of garbage from locations within a landowner's premises as contrasted with collections from the curbside." *Id.,* p 95.

As in the instant case, the *Pleasure Bay* plain-

tiffs argued that defendant's refusal to enter upon private roadways was irrational and that potential liability could be allayed by indemnification agreements, insurance coverage or performance bonds. To this argument the New Jersey Supreme Court responded that "[i]t is neither arbitrary nor unreasonable for a municipality to seek to avoid those problems by limiting its services to curbside collections". *Id.,* p 96.

We find the reasoning of *Pleasure Bay Apartments* applicable to this case. Defendant is not obligated to provide rubbish collection services. MCL 123.261; MSA 5.2681.

The classification drawn by defendant is not between single-family and multiple-family dwellings as plaintiffs argue, but rather between curbside collection, *i.e.,* along public roads or private roads meeting city specifications, and non-curbside collection, *i.e.,* using private roads not built to city specifications. Where private roads are used by the rubbish collection contractor, these roads were shown to be constructed pursuant to defendant's standards. The classification at issue is based on the problems associated with rubbish collection from private streets not built to defendant's specifications and the classification is rationally related to the legitimate legislative goal of reducing costs and promoting efficiency in rubbish collection. As the trial court found, it is reasonable for defendant to wish to avoid problems such as potential property damage caused by use of narrow and poorly constructed private roads.

Because there is a rational basis for the defendant's rubbish collection policy, it withstands plaintiffs' equal protection challenge.

Affirmed.