SAL-MAR ROYAL VILLAGE, LLC v MACOMB COUNTY TREASURER

Docket No. 308659. Submitted May 14, 2013, at Detroit. Decided May 30, 2013, at 9:00 a.m. Leave to appeal sought.

Sal-Mar Royal Village, LLC, filed a complaint for a writ of mandamus against the Macomb County Treasurer, requesting that he be required to accept funds that plaintiff had tendered as payment in full for a three-year period of property taxes in accordance with a consent judgment entered by the Michigan Tax Tribunal (MTT). In 2007, plaintiff had filed an appeal of its property-tax assessment by Macomb Township in the MTT, and because plaintiff did not pay taxes while the appeal was pending, it incurred substantial interest on the delinquent taxes. Ultimately, plaintiff entered into a stipulation with the township that reduced the property's value and waived any penalty and interest that would be due from either party if the applicable taxes or refunds were paid. These terms were incorporated into the consent judgment entered by the MTT. Following the entry of judgment, defendant, as a representative of Macomb County, issued plaintiff a revised tax bill for 2007 through 2010, but refused to recognize the waiver-of-interest provision in the consent judgment and billed plaintiff for interest of $127,971.29. Plaintiff paid the taxes, but did not pay the interest. Plaintiff moved for summary disposition pursuant to MCR 2.116(C)(9) and (C)(10), arguing that defendant was bound by the consent judgment as the township's privy. Defendant moved for summary disposition pursuant to MCR 2.116(C)(4), (C)(8), and (C)(10), arguing that because it was not a party to the MTT case, it could not be bound by the decision. Defendant also argued that the MTT lacked the statutory authority to accept the parties' stipulation waiving the interest. The trial court, David F. Viviano, J., denied plaintiff's motion for summary disposition and granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). Plaintiff appealed.

The Court of Appeals held:

1. The trial court erred by granting defendant's motion for summary disposition and dismissing the writ of mandamus. The county and the township, acting as the county's trustee, shared the same interest in the MTT litigation, which was to ensure that

property was assessed and taxes were collected, and they worked together to collect property taxes. Therefore, the consent judgment between plaintiff and the township bound defendant as the township's privy. The fact that the taxes at issue were owed to the county rather than the township did not give the entities different interests in the litigation. Although no statutory provision specifically allowed the MTT to waive interest on delinquent taxes, MCL 205.732(b) and (c) give the MTT general powers to grant relief that it deems necessary in matters over which it may acquire jurisdiction. Similarly, no statutory provision prevented the county from waiving the requirement to charge interest on delinquent taxes under MCL 211.78a(3). Because plaintiff had a clear legal right to performance of the judgment, defendant had a clear legal duty to perform, the act was ministerial, and plaintiff had no adequate remedy other than to have the consent judgment enforced against defendant, plaintiff's request for a writ of mandamus should have been granted.

2. The parties' stipulation clearly stated that the agreement was to waive interest on the delinquent taxes, contrary to defendant's argument that the parties agreed to waive only interest on the judgment.

Reversed.

TAXATION — TAX TRIBUNAL DECISIONS — CONSENT JUDGMENTS — GOVERNMENTAL ENTITIES — PRIVITY.

A county may be bound by a consent judgment entered by the Tax Tribunal between a taxpayer and a township if the township had an interest in the litigation as a trustee for the county.

*Hoffert & Associates, P.C.* (by *David B. Marmon*), for plaintiff.

*Frank Krycia*, Macomb County Assistant Corporation Counsel, for defendant.

Before: DONOFRIO, P.J., and MARKEY and OWENS, JJ.

PER CURIAM. Plaintiff appeals as of right a circuit court order that granted defendant's motion for summary disposition and denied plaintiff's motion for summary disposition, thereby dismissing plaintiff's complaint for a writ of mandamus against defendant. We

reverse and hold that plaintiff's request for a writ of mandamus should have been granted.

Plaintiff's complaint for a writ of mandamus requested that defendant be ordered to accept plaintiff's tendered funds as payment in full for three years of property taxes in accordance with a consent judgment entered by the Michigan Tax Tribunal (MTT). Plaintiff alleged that in 2007, it filed a property tax appeal against Macomb Township in the MTT and did not pay its property taxes during the pendency of the appeal. As a result, plaintiff incurred substantial interest on the delinquent taxes. According to plaintiff, it entered into a stipulation with the township that reduced the true cash value, assessed value, and taxable value on the property. In addition, plaintiff alleged that the parties agreed to waive any penalty and interest due from either party if all applicable taxes or refunds were paid. These terms were incorporated into the consent judgment entered by the MTT. Following the entry of judgment, defendant, as representative of Macomb County, issued plaintiff a revised tax bill for 2007 through 2010, but refused to recognize the waiver-of-interest provision in the consent judgment and billed plaintiff for interest of $127,971.29. Plaintiff paid the taxes, but not the interest.

Plaintiff moved for summary disposition pursuant to MCR 2.116(C)(9) (failure to state a valid defense) and (C)(10) (no genuine issue of material fact), arguing that defendant was bound by the consent judgment as the township's privy. Plaintiff argued that it was entitled to a writ of mandamus against defendant because there was no alternative remedy and defendant had a clear, mandatory, and nondiscretionary duty to perform. Likewise, defendant moved for summary disposition pursuant to MCR 2.116(C)(4) (lack of subject-matter jurisdic-

tion), (C)(8) (failure to state a claim), and (C)(10), arguing that because it was not a party to the MTT case, it could not be bound by the decision. In addition, defendant argued that there was no statutory provision that allowed the waiver of interest on delinquent taxes; thus, the MTT did not have the authority to accept the parties' stipulation waiving the interest. The trial court denied plaintiff's motion for summary disposition and granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). In doing so, the trial court ruled that the consent judgment only applied to the parties of the MTT appeal: plaintiff and the township.

First, plaintiff argues that the trial court erred by granting defendant's motion for summary disposition and dismissing the writ of mandamus because the consent judgment between plaintiff and the township binds defendant as the township's privy. We agree.

Plaintiff may seek equitable relief, such as a writ of mandamus, to enforce the MTT's order. See *Wikman v City of Novi*, 413 Mich 617, 648; 322 NW2d 103 (1982).

> [A] writ of mandamus is an extraordinary remedy and will only be issued where (1) the party seeking the writ has a clear legal right to performance of the specific duty sought, (2) the defendant has the clear legal duty to perform the act requested, (3) the act is ministerial, and (4) no other remedy exists that might achieve the same result. [*Citizens Protecting Michigan's Constitution v Secretary of State*, 280 Mich App 273, 284; 761 NW2d 210 (2008).]

A trial court's ultimate decision regarding a request for mandamus is reviewed for an abuse of discretion, but the first two elements required for issuance of a writ of mandamus are questions of law that we review de novo. *Coalition for a Safer Detroit v Detroit City Clerk*, 295 Mich App 362, 367; 820 NW2d 208 (2012).

Likewise, a trial court's decision regarding a motion for summary disposition is reviewed de novo. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). In this case, the trial court granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10), but it considered documents outside the pleadings. Therefore, we review the trial court's decision under MCR 2.116(C)(10). *Hughes v Region VII Area Agency on Aging*, 277 Mich App 268, 273; 744 NW2d 10 (2007).

When reviewing a motion pursuant to MCR 2.116(C)(10), summary disposition may be granted if the evidence establishes that "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." MCR 2.116(C)(10). A genuine issue of material facts exists when reasonable minds could differ on an issue after viewing all the documentary evidence in a light most favorable to the nonmoving party. *Allison v AEW Capital Mgt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008). Further, we must review the record in the same manner as the trial court, and our review is limited to the evidence presented to the trial court at the time the motion was decided. *Innovative Adult Foster Care, Inc v Ragin*, 285 Mich App 466, 475-476; 776 NW2d 398 (2009).

The first and second elements required for issuance of a writ of mandamus require us to determine whether plaintiff has a clear legal right to performance and whether defendant has a clear legal duty to perform. This determination hinges on whether the consent judgment entered by the MTT between plaintiff and the township binds the county.

Michigan courts have "long held that a judgment or decree is conclusive as to all persons in privity with the parties to the former action." *Knowlton v Port Huron,*

355 Mich 448, 454; 94 NW2d 824 (1959). Accordingly, a consent judgment binds those in privity with the parties who contracted the judgment.

In *Baraga Co v State Tax Comm*, 243 Mich App 452; 622 NW2d 109 (2000), rev'd 466 Mich 264 (2002), this Court stated that "[p]rivity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation." *Id.* at 456 (quotation marks and citation omitted). However, our Supreme Court reversed this Court's judgment and criticized this Court for applying "a definition of privity that originated in cases involving *private* parties" to a case involving governmental units. *Baraga Co v State Tax Comm*, 466 Mich 264, 269; 645 NW2d 13 (2002). Instead, our Supreme Court relied on a definition from Corpus Juris Secundum to determine whether privity existed between the state and a local government:

> "A state may be bound by a judgment for or against a public officer, or agency, but only with respect to a matter concerning which he or the agency is authorized to represent it, and it is not bound by a judgment to which a subordinate political subdivision was a party in the absence of a showing that such political body had an interest in the litigation as a trustee for the state." [*Id.* at 270, quoting 50 CJS, § 869, Judgments, p 443.]

Our Supreme Court stated that "there may be circumstances under which the state may be bound by a judgment to which a subordinate political division was a party and the state was not, such as when the subordinate political subdivision is found to have been acting as a trustee for the state." *Id.* at 270-271.

However, two years later, our Supreme Court applied the private-party definition of privity to a case in which

a taxpayer and a school district were suing the state. *Adair v Michigan*, 470 Mich 105; 680 NW2d 386 (2004). The Court, quoting its decision in *Baraga Co*, defined "privity" as follows:

> To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert. The outer limit of the doctrine traditionally requires both a substantial identity of interests and a working functional relationship in which the interests of the nonparty are presented and protected by the party in the litigation. [*Id.* at 122 (quotation marks and citations omitted).]

Thus, while this definition of privity may not be "routinely applied to governmental agencies," under *Adair*, the Court seems to suggest it is not improper to apply it in cases involving governmental agencies. See *ANR Pipeline Co v Dep't of Treasury*, 266 Mich App 190, 214; 699 NW2d 707 (2005).

Although the definition of privity our Supreme Court used in *Baraga Co* applied to a situation involving the state and a local government, the general principle can be applied to this case—namely, that the state would not be bound by a judgment to which a subordinate political subdivision was a party unless that subdivision had an interest in the litigation as a trustee for the state. Thus, it would follow that the consent judgment between plaintiff and the township would not bind the county unless the township, as the subordinate political subdivision, had an interest in the litigation as a trustee for the county. The township had authority to represent the county's interest in collecting taxes. Cf. *ANR Pipeline Co*, 266 Mich App at 213-214 (indicating that privity did not exist where petitioner did not show that the party had the authority to represent the state's interest in collecting state taxes). If there are delin-

quent taxes, they are turned over to the county treasurer, who pays the township the delinquent taxes with funds from the county's fully funded revolving tax fund. Then, the county collects the delinquent taxes with interest and fees from the property owner. This is unlike the situation in *Baraga Co*, in which the township enforced the property tax laws and the state would step in only if the township failed to carry out its duties. *Baraga Co*, 466 Mich at 271-272. Rather, in this case, the township receives the tax rolls from the county and then sends bills to the taxpayers. The county automatically pays any taxes that the township is unable to collect. Accordingly, the county and the township work hand in hand when collecting taxes. Thus, the township and the county shared the same interest in the MTT litigation, which was to receive a fair assessment of the value of the property in order to jointly collect the proper amount of taxes on the property.

Additionally, under the private-party definition of privity, the township and the county share a "substantial identity of interests" and a "working functional relationship." As noted, the township and the county work together to collect the property taxes owed. If a taxpayer becomes delinquent the county will pay the township from a revolving fund and then seek reimbursement from the taxpayer. It is clear that the two entities are in a working functional relationship with one another to assess property and collect the property taxes.

Defendant argues that the township did not have the authority to waive interest on the county's behalf because it was the county that was owed the delinquent taxes. Accordingly, defendant argues that the two entities do not share the same interests. As explained, however, the township and the county did share the

same interests: to assess property and collect property taxes. If defendant believed that the township did not adequately represent these interests in the litigation, he should have intervened. See MCL 205.744. Defendant argues that when the litigation was initiated in 2007 it was for an assessment, and plaintiff had yet to become delinquent on its taxes. Thus, defendant did not have notice that plaintiff sought to have interest waived on the delinquent taxes that had not yet come due. However, there is evidence that defendant was aware that plaintiff owed delinquent taxes for 2007 through 2010, when the litigation was still ongoing, because he sent plaintiff bills each year and admitted to paying the township from the revolving fund. Further, there is evidence that during the pendency of the litigation, plaintiff was not current on its taxes, so defendant filed a forfeiture certificate that was canceled because of the pending litigation. Thus, there is evidence that defendant had notice of the litigation, and if defendant did not want the township representing the county's interests, he should have intervened.

Defendant also argues that the MTT did not have the authority to waive interest on the delinquent taxes. However, there is no statutory authority that prevents the MTT from doing so. In fact, MCL 205.732(b) and (c) provide that the MTT's powers include, *but are not limited to*, "[o]rdering the payment or refund of taxes in a matter over which it may acquire jurisdiction" and "[g]ranting other relief or issuing writs, orders, or directives that it deems necessary or appropriate in the process of disposition of a matter over which it may acquire jurisdiction." Further, although defendant argues that MCL 211.78a(3) directs the county to charge interest on delinquent taxes, there is no statutory provision preventing the county from waiving this requirement. And MCL 211.44(4) allows a local govern-

ment unit that collects taxes to waive the administration fee and the penalty charge on late taxes.

Accordingly, because the township and the county were in privity with one another, the county would be bound by the consent judgment. Thus, it follows that plaintiff has a clear legal right to performance of the judgment and defendant has a clear legal duty to perform, which satisfies the first and second elements required to issue a writ of mandamus.

The third and fourth elements required for issuance of a writ of mandamus are also satisfied in that the act here is ministerial and plaintiff has no other adequate remedy, except to have the consent judgment enforced against defendant. Thus, we hold that the trial court erred by granting defendant's motion for summary disposition and denying plaintiff's motion for summary disposition. Accordingly, plaintiff's request for a writ of mandamus should have been granted.

Plaintiff also argues that the trial court erred when it determined that the term "interest" in the stipulation did not mean interest on the delinquent taxes, it only meant judgment interest. However, the trial court did not make this determination. It based its decision solely on the fact that the consent judgment only applied to the parties involved in the litigation. Because the trial court did not decide this issue, we are not required to address it on appeal. However, because the parties raised this issue below and interpretation of the consent judgment is necessary for a proper determination of this case, we will decide it. See *Klooster v City of Charlevoix*, 488 Mich 289, 310; 795 NW2d 578 (2011) (noting that when an issue is raised but not decided below, "a party 'should not be punished for the omission of the trial court' ") (citation omitted); *Heydon v MediaOne of Southeast Mich, Inc*, 275 Mich App 267, 278;

739 NW2d 373 (2007) (noting that this Court may address an issue that was not decided below if "necessary for a proper determination of the case") (citations and quotation marks omitted).

Because a consent judgment is contractual in nature, its interpretation, including a trial court's determination whether contractual language is ambiguous, is subject to review de novo. *City of Flint v Chrisdom Props, Ltd*, 283 Mich App 494, 499; 770 NW2d 888 (2009); *Laffin v Laffin*, 280 Mich App 513, 517; 760 NW2d 738 (2008).

"A consent judgment is in the nature of a contract, and is to be construed and applied as such." *Laffin*, 280 Mich App at 517. "In general, consent judgments are final and binding upon the court and the parties, and cannot be modified absent fraud, mistake, or unconscionable advantage." *Id.* Our Supreme Court has stated the following in regards to contracts:

> A fundamental tenet of our jurisprudence is that unambiguous contracts are not open to judicial construction and must be *enforced as written*. Courts enforce contracts according to their unambiguous terms because doing so respects the freedom of individuals freely to arrange their affairs via contract. This Court has previously noted that "[t]he general rule [of contracts] is that competent persons shall have the utmost liberty of contracting and that their agreements voluntarily and fairly made shall be held valid and enforced in the courts." [*Rory v Continental Ins Co*, 473 Mich 457, 468; 703 NW2d 23 (2005) (quotation marks and citations omitted).]

Honoring the intent of the parties is the primary goal in contract interpretation, and that intent is best determined by the language of the contract. *Royal Prop Group, LLC v Prime Ins Syndicate, Inc*, 267 Mich App 708, 714; 706 NW2d 426 (2005). Words in a contract must be interpreted according to their com-

mon meanings and may not be distorted. *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 354; 596 NW2d 190 (1999). However, if the meaning of a term in a consent judgment is unclear or "equally susceptible to more than one meaning . . . interpretation is a question of fact, and the trial court may consider extrinsic evidence to determine the intent of the parties." *Smith v Smith*, 278 Mich App 198, 200; 748 NW2d 258 (2008). But "[c]ourts are not to create ambiguity where none exists." *UAW-GM Human Resource Ctr v KSL Recreation Corp*, 228 Mich App 486, 491; 579 NW2d 411 (1998).

The paragraph at issue provides:

> The parties agree to mutually waive penalty and interest due from either party provided all taxes or refunds due and owing as a result of this Joint Stipulation shall be paid by the Petitioner within twenty-eight (28) days of any issuance of new tax bills or tax computations forwarded to Petitioner resulting from this Stipulation.

Defendant argues that the term "interest" applies to judgment interest and not interest owed on the delinquent taxes. However, the stipulation clearly states that the parties agree to waive *interest* due from the parties on all taxes or refunds owed. It does not state that the parties agree to waive only the judgment interest. If the parties intended the waiver to only apply to judgment interest, the language should have reflected that fact. As noted, honoring the intent of the parties is best determined by the contractual language itself, and here, the language clearly states "interest" and not "judgment interest." Because the contract is clear, it should be enforced as written without considering extrinsic evidence. Thus, we hold that the term "interest" applies to the interest owed on the delinquent taxes.

Reversed. Plaintiff, being the prevailing party, may tax costs pursuant to MCR 7.219.

DONOFRIO, P.J., and MARKEY and OWENS, JJ., concurred.