SAL-MAR ROYAL VILLAGE, LLC v MACOMB COUNTY TREASURER
(ON REMAND)

Docket No. 308659. Submitted December 18, 2013, at Lansing. Decided
   February 25, 2014, at 9:05 a.m. Leave to appeal granted, 495 Mich
   988.

   Sal-Mar Royal Village, LLC, filed a complaint for a writ of
   mandamus against the Macomb County Treasurer in the Ma-
   comb Circuit Court, requesting that he be required to accept
   funds that plaintiff had tendered as payment in full for a
   three-year period of property taxes in accordance with a consent
   judgment entered by the Michigan Tax Tribunal (MTT). In
   2007, plaintiff had filed an appeal of its property-tax assessment
   by Macomb Township in the MTT, and because plaintiff did not
   pay taxes while the appeal was pending, it incurred substantial
   interest on the delinquent taxes. Ultimately, plaintiff entered
   into a stipulation with the township that reduced the property's
   value and waived any penalty and interest that would be due
   from either party if the applicable taxes or refunds were paid.
   These terms were incorporated into the consent judgment
   entered by the MTT. Following entry of the judgment, defen-
   dant, as a representative of Macomb County, issued plaintiff a
   revised tax bill for 2007 through 2010, but refused to recognize
   the waiver-of-interest provision in the consent judgment and
   billed plaintiff for interest of $127,971.29. Plaintiff paid the
   taxes, but did not pay the interest. Plaintiff moved for summary
   disposition in the circuit court pursuant to MCR 2.116(C)(9)
   and (10), arguing that defendant was bound by the consent
   judgment as the township's privy. Defendant moved for sum-
   mary disposition pursuant to MCR 2.116(C)(4), (8), and (10),
   arguing that because he was not a party to the MTT case, he
   could not be bound by the decision. Defendant also argued that
   the MTT lacked the statutory authority to accept the parties'
   stipulation waiving the interest. The trial court, David F.
   Viviano, J., denied plaintiff's motion for summary disposition
   and granted defendant's motion for summary disposition pur-
   suant to MCR 2.116(C)(8) and (10). Plaintiff appealed. The
   Court of Appeals, DONOFRIO, P.J., and MARKEY and OWENS, JJ.,
   reversed the decision of the circuit court, holding that the
   consent judgment bound defendant as the township's privy, that

the MTT had the power to waive the interest, and that plaintiff's request for a writ of mandamus should have been granted. 301 Mich App 234 (2013). In lieu of granting defendant's application for leave to appeal, the Supreme Court remanded the case to the Court of Appeals for consideration of whether plaintiff's complaint for mandamus fell within the exclusive jurisdiction of the MTT under MCL 205.731. The Supreme Court retained jurisdiction. 495 Mich 897 (2013).

On remand, the Court of Appeals *held*:

Under Const 1963, art 6, § 13; MCL 600.605; and MCR 3.305(A), the circuit court had jurisdiction to hear the mandamus action unless MCL 205.731 deprived it of jurisdiction. The jurisdiction of the MTT is determined by subject matter, not the type of relief requested. MCL 205.731 gives the MTT exclusive and original jurisdiction over (1) a proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization under Michigan's property tax laws, (2) a proceeding for a refund or redetermination of a tax levied under Michigan's property tax laws, (3) mediation of a proceeding before the tribunal, (4) certification of a mediator in a tax dispute, and (5) any other appeal taken under the Tax Tribunal Act provided by law. The plain language of MCL 205.731 does not confer jurisdiction on the MTT to entertain a mandamus action. While the MTT may issue writs, orders, or directives, the MTT cannot compel enforcement of its decisions. In this case, plaintiff was only seeking to compel enforcement of the consent judgment. Plaintiff was not seeking direct review of a final decision, finding, ruling, determination, or order of an agency. Nor was plaintiff seeking a refund or redetermination of a tax. Plaintiff's enforcement action was not subject to the exclusive jurisdiction of the MTT.

Plaintiff's complaint for relief did not fall within the exclusive jurisdiction of the MTT under MCL 205.731.

TAXATION — TAX TRIBUNAL — JURISDICTION — MANDAMUS — ENFORCEMENT OF A CONSENT JUDGMENT.

The jurisdiction of the Michigan Tax Tribunal (MTT) is determined by subject matter, not the type of relief requested; MCL 205.731 gives the MTT exclusive and original jurisdiction over (1) a proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization under Michigan's property tax laws, (2) a proceeding for a refund or redetermination of a tax levied under Michigan's

property tax laws, (3) mediation of a proceeding before the tribunal, (4) certification of a mediator in a tax dispute, and (5) any other appeal taken under the Tax Tribunal Act provided by law; the plain language of MCL 205.731 does not confer jurisdiction on the MTT to entertain a mandamus action, and a mandamus action brought only to compel enforcement of a consent judgment is not subject to the exclusive jurisdiction of the MTT.

*Hoffert & Associates, PC* (by *David B. Marmon*), for plaintiff.

*Frank Krycia*, Macomb County Assistant Corporation Counsel, for defendant.

ON REMAND

Before: DONOFRIO, P.J., and MARKEY and OWENS, JJ.

PER CURIAM. In this property tax dispute, this Court previously held that the Macomb Circuit Court should have issued a writ of mandamus directing the Macomb County Treasurer to accept plaintiff's tendered funds as payment in full for its delinquent property taxes in accordance with a consent judgment entered by the Michigan Tax Tribunal. *Sal-Mar Royal Village, LLC v Macomb Co Treasurer*, 301 Mich App 234; 836 NW2d 236 (2013). In an order dated November 20, 2013, in lieu of granting leave to appeal, the Supreme Court, citing *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46; 832 NW2d 728 (2013), remanded this case to this Court "for consideration of whether the plaintiff's complaint for relief falls under the exclusive jurisdiction of the Michigan Tax Tribunal pursuant to MCL 205.731." *Sal-Mar Royal Village, LLC v Macomb Co Treasurer*, 495 Mich 897 (2013). After consideration of the issue, we hold that the tribunal did not have exclusive jurisdiction over the mandamus action.

I. FACTS AND PROCEDURAL HISTORY

In 2007, plaintiff filed a property tax appeal against Macomb Township in the Michigan Tax Tribunal and did not pay its property taxes while the appeal was pending, thus incurring substantial interest. Ultimately, the parties entered into a consent judgment that included a provision waiving any penalty and interest due from either party if all applicable taxes or refunds were paid. However, defendant, as representative of Macomb County, refused to recognize the waiver-of-interest provision and issued plaintiff a revised tax bill that included interest of $127,971.29. Plaintiff did not pay the interest; instead, it sought a writ of mandamus in the circuit court to enforce the waiver-of-interest provision in the consent judgment. The circuit court granted defendant summary disposition, ruling that the consent judgment only applied to plaintiff and the township because they were the only parties to the tax appeal. This Court reversed the circuit court's decision and, as noted, held that it should have granted the writ of mandamus. *Sal-Mar*, 301 Mich App at 235-236. This Court held that the county was bound by the consent judgment because it was in privity with the township with respect to the litigation, given that the two parties shared the same interest in collecting property taxes and worked together to collect those taxes. *Id.* at 240-241. This Court also held that the tribunal had the authority to waive interest on the delinquent taxes. *Id.* at 242-243. As noted, defendant sought leave to appeal in our Supreme Court, which, in lieu of granting leave, remanded the case to this Court "for consideration of whether the plaintiff's complaint for relief falls under the exclusive jurisdiction of the Michigan Tax Tribunal pursuant to MCL 205.731," in light of *Hillsdale Co Senior Servs. Sal-Mar*, 495 Mich at 897.

## II. STANDARD OF REVIEW

We review de novo whether a court has subject-matter jurisdiction, as well as issues of statutory interpretation. *Hillsdale Co Senior Servs*, 494 Mich at 51.

## III. ANALYSIS

Pursuant to Const 1963, art 6, § 13, MCL 600.605, and MCR 3.305(A), the circuit court had jurisdiction to hear the mandamus action at issue unless MCL 205.731 is deemed to have denied it jurisdiction. See *Hillsdale Co Senior Servs*, 494 Mich at 51-53. MCL 205.731 provides:

> The tribunal has exclusive and original jurisdiction over all of the following:
>
> a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under the property tax laws of this state.
>
> (b) A proceeding for a refund or redetermination of a tax levied under the property tax laws of this state.
>
> (c) Mediation of a proceeding described in subdivision (a) or (b) before the tribunal.
>
> (d) Certification of a mediator in a tax dispute described in subdivision (c).
>
> (e) Any other proceeding provided by law.

Under the Tax Tribunal Act, MCL 205.701 *et seq.*, "proceeding" is defined as "an appeal taken under this act." MCL 205.703(e). "Agency" is defined as "a board, official, or administrative agency empowered to make a decision, finding, ruling, assessment, determination, or order that is subject to review under the jurisdiction of the tribunal or that has collected a tax for which a refund is claimed." MCL 205.703(a).

The plain language of MCL 205.731 does not confer jurisdiction on the tribunal to entertain a mandamus action. A complaint for mandamus is not a "proceeding for direct review," a "proceeding for a refund or redetermination of a tax," a proceeding relative to mediation, or a proceeding that any law confers jurisdiction upon the tribunal to hear. See MCL 205.731.[1] Further, this Court has indicated that while the tribunal has the power to "issu[e] writs, orders, or directives," MCL 205.732(c),[2] as necessary, the plaintiff must seek equitable relief in the circuit court to enforce a tribunal decision. *Sessa v State Tax Comm*, 134 Mich App 767, 771; 351 NW2d 863 (1984), citing *Edros Corp v Port Huron*, 78 Mich App 273; 259 NW2d 456 (1977) (stating that the tribunal has the authority to direct a taxing agency to take no further action regarding a disputed assessment, that the orders, writs, and directives of the

---

[1] Although a mandamus action is based on equitable principles, it is regarded as an action at law. See *Franchise Realty Interstate Corp v Detroit*, 368 Mich 276, 279; 118 NW2d 258 (1962). Additionally, in *Woodworth v Old Second Nat'l Bank*, 144 Mich 338; 107 NW 905 (1906), the Court indicated that mandamus proceedings are civil actions, not prerogative writs. See also 12 Michigan Pleading & Practice (2d ed), § 94.1, p 97. Moreover, MCR 3.305 provides that actions for mandamus against state officers may be brought in this Court or a circuit court, while "[a]ll other actions for mandamus must be brought in the circuit court unless a statute or rule requires or allows the action to be brought in another court." See also MCL 600.4401.

[2] MCL 205.732 outlines the tribunal's powers as including, but not being limited to, the following:

(a) Affirming, reversing, modifying, or remanding a final decision, finding, ruling, determination, or order of an agency.

(b) Ordering the payment or refund of taxes in a matter over which it may acquire jurisdiction.

(c) Granting other relief or issuing writs, orders, or directives that it deems necessary or appropriate in the process of disposition of a matter over which it may acquire jurisdiction.

tribunal are valid and binding, and that enforcement may be obtained by application to the circuit court). Accordingly, while the tribunal might have been able to issue an order directing the county treasurer to comply with the consent judgment, it does not appear that the tribunal had the power to compel enforcement. Therefore, plaintiff's complaint for mandamus did not fall under the exclusive jurisdiction of the tribunal.

However, in *Hillsdale Co Senior Servs*, which was decided one day after this Court issued its decision in this case, the Supreme Court indicated that a circuit court action seeking enforcement can, upon closer scrutiny, be revealed as an action seeking direct review, which would have to be heard by the tribunal. *Hillsdale Co Senior Servs*, 494 Mich at 61-63. In that case, the electorate approved a proposition raising the limit on the amount of property taxes by 0.5 mill for, in essence, services to senior citizens. *Id*. at 49. Thereafter, the Hillsdale County Board of Commissioners declined to levy and spend the full 0.5 mill. *Id*. at 50. The plaintiffs filed a complaint for mandamus in circuit court seeking to compel the county to levy and appropriate the full 0.5 mill. *Id*. The Supreme Court held that the circuit court did not have jurisdiction over the mandamus action. *Id*. at 54-55. Citing MCL 205.731(a), the Court held that the four elements necessary to confer original and exclusive jurisdiction on the tribunal were present: (1) the action was a proceeding for a direct review of the board's final decision not to levy and spend the full 0.5 mill, (2) the board constituted an "agency" as defined by the statute, (3) the issue arose under the property tax laws, and (4) the action related to rates because "the heart of the dispute pertains to the 'amount of a charge' by defendant to its property taxpayers." *Id*. at 53-54.

The Court went on to discuss *Wikman v City of Novi*, 413 Mich 617; 322 NW2d 103 (1982), *Romulus City Treasurer v Wayne Co Drain Comm'r*, 413 Mich 728; 322 NW2d 152 (1982), and *Jackson Dist Library v Jackson Co No 2*, 146 Mich App 412; 380 NW2d 116 (1985), rev'd on other grounds, *Jackson Dist Library v Jackson Co*, 428 Mich 371 (1987). It noted that these cases had created confusion regarding the tribunal's jurisdiction, but concluded that they were consistent with the Court's holding in that the tribunal's jurisdiction is determined by the subject matter, not the type of relief requested. *Hillsdale Co Senior Servs, Inc*, 494 Mich at 55, 59-61.

In this case, defendant focuses on the fact that after the tribunal issued its ruling, he issued plaintiff a revised tax bill. He suggests that plaintiff is seeking to have this tax bill corrected so that it conforms with the consent judgment and that, as an appeal of a tax bill, exclusive jurisdiction would rest with the tribunal. Plaintiff argues that this is not a new tax bill since there is an existing consent judgment that has decided the issue of interest and that this is an action aimed at enforcing the consent judgment.

The Supreme Court indicates that to discern whether the circuit court had jurisdiction over the mandamus action, this Court must first analyze whether the claim was for "direct review of a final decision, finding, ruling, determination, or order of an agency," or a proceeding for "a refund or redetermination of a [property] tax . . . ." MCL 205.731.[3]

---

[3] The other alternatives—a proceeding relative to mediation or a proceeding that any law confers jurisdiction upon the tribunal to hear—are not relevant. Moreover, with regard to the other requirements of MCL 205.731, the county treasurer would be an "agency" because that term includes an "official" "empowered to make a decision," MCL 205.703(a), and the issue would relate to "rates," even though it

This claim had aspects of both an enforcement action and a review action. Specifically, plaintiff was seeking to enforce the consent judgment, but in the course of enforcing the judgment, the validity of the judgment was called into question by a challenge to the tribunal's authority to waive interest. However, the authority question, as well as the question regarding whether "interest" referred to interest on the delinquent taxes or the judgment, were raised by defendant. If the circuit court had jurisdiction over the mandamus action, defendant could not defeat jurisdiction by raising a defense that invoked a review function.

The county treasurer's decision in this case was in direct violation of the consent judgment issued by the tribunal. Plaintiff was not seeking to appeal or obtain review of the county treasurer's decision to ignore the consent judgment and was not seeking a redetermination of the taxes owed. Rather, plaintiff was seeking enforcement of the consent judgment. If plaintiff had proceeded in the tribunal, rather than the circuit court, it presumably would have obtained another judgment which would have had equal force and effect as the consent judgment. The decision in *Hillsdale Co Senior Servs* notes that "although the tribunal cannot *itself* issue injunctions, it can issue orders that may be enforced in circuit court." *Hillsdale Co Senior Servs, Inc*, 494 Mich at 59. Similarly, while the tribunal cannot entertain a mandamus action and issue a writ of mandamus, it can issue orders that may be enforced in the circuit court. It issued such an order when it issued the consent judgment. Thus, the subsequent mandamus action for enforcement was not an appeal subject to the exclusive jurisdiction of the tribunal.

---

technically dealt with interest, under the "amount of a charge" definition of "rates" relied on in *Hillsdale Co Senior Servs*, 494 Mich at 54.

We hold that plaintiff's complaint for relief did not fall under the exclusive jurisdiction of the Michigan Tax Tribunal pursuant to MCL 205.731.

DONOFRIO, P.J., and MARKEY and OWENS, JJ., concurred.