COLONIAL VILLAGE TOWNHOUSE COOPERATIVE v CITY OF
RIVERVIEW

Docket No. 77620. Submitted April 2, 1985, at Detroit.—Decided May
6, 1985. Leave to appeal applied for.

Plaintiff, Colonial Village Townhouse Cooperative, a cooperative
apartment complex, brought an action in Wayne Circuit Court
against the City of Riverview, seeking monetary damages for
the allegedly wrongful assessment by the city of a garbage
collection and disposal tax. The tax was assessed against plain-
tiff's property but the city did not provide garbage collection
service to the plaintiff. Paul S. Teranes, J., held that the claim
fell within the exclusive jurisdiction of the Tax Tribunal and
granted summary judgment to defendant. Plaintiff appealed,
alleging that its claim is one in quasi-contract because the city
is unjustly enriched by receiving money for a service it refuses
to provide. *Held:*

Whether the city was "unjustly" enriched depends upon
whether the assessment of plaintiff's property was fair and
equitable. That is a question within the exclusive jurisdiction of
the Tax Tribunal. Jurisdiction should be determined not by
how the plaintiff phrases its complaint, but by the relief sought
and the underlying basis for the action. The basis for this
action is plaintiff's claim that a city may not collect a tax to
provide a service and then refuse to provide it to certain
taxpayers. That is a challenge to the validity of an assessment
and is within the exclusive jurisdiction of the Tax Tribunal.

Affirmed.

1. TAXATION — PROPERTY TAX — TAX TRIBUNAL — JURISDICTION.

The Tax Tribunal has exclusive jurisdiction over orders relating
to assessment under property tax laws; thus, whether or not a
city may assess an ad valorem garbage collection tax and not
collect the garbage from certain described property owners is a
question within the exclusive jurisdiction of the Tax Tribunal
(MCL 205.731; MSA 7.650[31]).

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 70 Am Jur 2d, Special or Local Assessments § 146.

2. TAXATION — TAX TRIBUNAL — CIRCUIT COURTS — JURISDICTION.
The question of whether the circuit court or the Tax Tribunal has jurisdiction over a claim by a taxpayer that services for which a tax is assessed are not being provided is to be determined not by how the plaintiff phrases its complaint but by the relief sought and the underlying basis for the action.

*Lawrence A. Thompson,* for plaintiff.

*Logan, Huchla, Wycoff & Pentiuk, P.C.* (by *Randall A. Pentiuk),* for defendant.

Before: BRONSON, P.J., and J. H. GILLIS and ALLEN, JJ.

ALLEN, J. Does a complaint for damages alleging that the city has assessed and collected a garbage tax against plaintiff's real property pursuant to MCL 123.261; MSA 5.2681, but has refused to collect the garbage, fall within the jurisdiction of the Tax Tribunal, or does it come within the jurisdiction of the circuit court? On March 26, 1984, the circuit court found that plaintiff's claim fell within the exclusive jurisdiction of the Tax Tribunal, MCL 205.731; MSA 7.650(31), and granted defendant's motion for summary judgment under GCR 1963, 117.2(1). Plaintiff appeals as of right. We affirm.

The facts are straightforward and relatively uncomplicted. Plaintiff is a cooperative apartment complex located in the City of Riverview. From 1966 to the present, defendant has assessed a garbage collection and disposal tax against the plaintiff pursuant to MCL 123.261; MSA 5.2681. The garbage tax is collected from every property taxpayer as part of the annual assessment by the city. However, the city does not provide pick-up service to certain establishments. These include retail and commercial businesses and apartment

buildings. Plaintiff is one such establishment that does not receive pick-up service, despite the fact that it pays the garbage disposal tax. As a result, plaintiff is required to pay an independent contractor to collect its garbage. Prior to 1980, plaintiff was not aware that its property tax assessment contained an additional charge for rubbish collection. In 1980, when the city sent out tax bills containing a breakdown of the tax collected, plaintiff realized that it was being charged an amount for garbage collection services.

After receiving this information, plaintiff filed suit in Wayne County Circuit Court seeking monetary damages from the city for its alleged wrongful assessment of charges for garbage collection which it did not provide. The damages sought were equal to the amount plaintiff paid to an independent contractor to have its garbage collected, which exceeded the amount of the garbage taxes paid by the plaintiff.

Plaintiff concedes that the Tax Tribunal has exclusive jurisdiction to determine the validity of the tax imposed, but asserts that plaintiff is not contesting the tax but is seeking damages for the city's failure to provide the services for which plaintiff is taxed. Plaintiff asserts that the city is unjustly enriched because it receives money for a service it refuses to provide. Thus, argues plaintiff, its suit is quasi-contractual and therefore properly lies in circuit court. A quasi-contractual obligation arises where a defendant receives a benefit from a plaintiff which is inequitable for the defendant to retain. *Brandon Twp v Jerome Builders, Inc,* 80 Mich App 180, 183; 263 NW2d 326 (1977).

Defendant city argues that a fair reading of the plaintiff's complaint reveals that in reality plaintiff is contesting the statutory scheme; that the tax is an ad valorem tax which is assessed against

every property-owning taxpayer, irrespective of whether the garbage is collected; that the Tax Tribunal has broad and exclusive jurisdiction to hear matters involving property taxes, and plaintiff should not be permitted to circumvent the tribunal's jurisdiction by disguising its claim as being contractual in nature.

The exclusive jurisdiction provisions of the Tax Tribunal Act are found in § 31 of the act, MCL 205.731; MSA 7.650(31). It reads:

"The tribunal's exclusive and original jurisdiction shall be:

"(a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.

"(b) A proceeding for refund or redetermination of a tax under the property tax laws."

Logic and case law compel us to rule that exclusive jurisdiction lies with the Tax Tribunal in the instant dispute. The question of whether plaintiff's cause of action is basically quasi-contractual or not depends upon whether the city has been "unjustly" enriched. And whether the enrichment was "unjust" depends upon whether the assessment of plaintiff's property made pursuant to MCL 123.261; MSA 5.2681 was fair and equitable. As noted earlier, the Tax Tribunal has exclusive jurisdiction over orders "relating to assessment * * * under property tax laws". Thus, whether or not a city may assess an ad valorem garbage tax and not collect the garbage from certain described property owners is a question over which the Tax Tribunal is given exclusive jurisdiction.

In *Johnson v Michigan,* 113 Mich App 447; 317 NW2d 652 (1982), this Court held that the Tax

Tribunal had jurisdiction over plaintiffs' claim that the tax practices of the City of Detroit and Wayne County resulted in "unequal and inequitable assessments and collection of property taxes". The Court reasoned that the tribunal had jurisdiction because the "general thrust of the complaint" was an attack on the validity of the property tax assessment. 113 Mich App 459. Similarly, in *Turner v Lansing Twp*, 108 Mich App 103; 310 NW2d 287 (1981), *lv den* 413 Mich 871 (1982), the Court held that the doctrine of constructive fraud, an equitable doctrine, could be pleaded before the tribunal. See also *Grosse Ile Committee for Legal Taxation v Grosse Ile Twp*, 129 Mich App 477; 342 NW2d 582 (1983), where the Court held that where individual taxpayers contest the legality of the tax bills they receive, the Legislature intended such matters to be heard in the Tax Tribunal.

Thus, the jurisdictional claim in this case should be determined not by how the plaintiff phrases its complaint, but by the relief sought and the underlying basis of the action. No matter how skillfully plaintiff camouflages it, the underlying basis of plaintiff's claim is that a city may not collect a tax to provide a service and then refuse to provide that service to certain individuals.[1] As such, the claim seeks to challenge the validity of an assessment under the property tax laws, MCL 123.261; MSA 5.2681, an area over which the Tax Tribunal is given exclusive jurisdiction.

Affirmed. No costs, a question of public importance being involved.

---

[1] See *Beztak Co v City of Farmington Hills,* 136 Mich App 664; 358 NW2d 25 (1984), holding that a city which collects garbage and refuse may limit its services so as to exclude certain taxpayers.