# Syllabus

Chief Justice:
Robert P. Young, Jr.

Justices:
Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

Reporter of Decisions:
Corbin R. Davis

**This syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader.**

HILLSDALE COUNTY SENIOR SERVICES, INC v HILLSDALE COUNTY

Docket No. 144630. Argued March 13, 2013 (Calendar No. 3). Decided May 31, 2013.

Hillsdale County Senior Services, Inc. (HCSS), Ella Asaro, Lyle Green, and others, filed an action in the Hillsdale Circuit Court against Hillsdale County, seeking mandamus to enforce the terms of a property-tax ballot proposition that provided for the levy of an additional 0.5 mill property tax in Hillsdale County to fund HCSS. The Hillsdale County voters approved the millage proposition in 2008 to raise funds for the provision of services to older persons by HCSS. Defendant entered into a contract with HCSS from January 1, 2009 through December 31, 2010, but did not levy and spend the full, voter-approved, 0.5 mill. The circuit court, Michael, R. Smith, J., granted plaintiffs' writ for mandamus and ordered defendant to levy the entire 0.5 mill for the length of time approved by the voters. In an unpublished opinion per curiam, issued January 3, 2012 (Docket No. 301607), the Court of Appeals, MARKEY, P.J., and FITZGERALD and BORRELLO, J.J., reversed the order, concluding that the circuit court lacked subject-matter jurisdiction over the case because the Tax Tribunal had exclusive and original jurisdiction over the matter. The Supreme Court granted defendant's application for leave to appeal. 493 Mich 852.

In an opinion by Justice MARKMAN, joined by Chief Justice YOUNG and Justices KELLY, ZAHRA, MCCORMACK, and VIVIANO, the Supreme Court *held*:

The Tax Tribunal possessed exclusive and original jurisdiction over plaintiffs' claim for mandamus because the claim, which sought to enforce the terms of a property-tax ballot proposition, was a proceeding for direct review of a final decision of an agency relating to rates under Michigan's property tax laws.

1. Under MCL 205.731(a), the Tax Tribunal has original and exclusive jurisdiction of a claim when it involves: (1) a proceeding for direct review of a final decision, finding, ruling, determination, or order; (2) of an agency; (3) relating to an assessment, valuation, rate, special assessment, allocation, or equalization; (4) under the property tax laws. In this case, the Tax Tribunal has original and exclusive jurisdiction over plaintiffs' claim pursuant to MCL 205.731(a). The appeal involved a proceeding for direct review of a final decision of the Hillsdale County Board of Commissioners not to levy and spend the full 0.5 mill and the board constitutes an agency for purposes of MCL 205.731(a). Because MCL 400.576 allows defendant to levy up to 1 mill of property tax for services to older citizens, the issue arose under the property tax laws. The board's decision not to levy and spend the full 0.5 mill authorized by the

ballot proposition related to "an assessment, valuation, rate, special assessment, allocation, or equalization" because plaintiffs' claim that the ballot proposition mandated defendant to levy and spend the full 0.5 mill approved by the voters constituted a dispute pertaining to the amount of a charge or payment with reference to some basis of calculation, which is a challenge to a "rate." The Court of Appeals correctly determined that the circuit court lacked subject-matter jurisdiction over plaintiffs' mandamus claim.

2. When proceeding under MCL 205.731(a), the Tax Tribunal's jurisdiction is determined by the subject matter of the proceeding, not by the type of relief requested. Accordingly, the involved parties may not affirmatively divest the tribunal of jurisdiction by seeking an equitable remedy. In this case, plaintiffs' request for mandamus did not divest the tribunal of jurisdiction.

Court of Appeals decision affirmed.

Justice CAVANAGH concurred in the result only.

©2013 State of Michigan

# Opinion

Chief Justice:    Justices:

Robert P. Young, Jr.    Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

FILED MAY 31, 2013

S T A T E   O F   M I C H I G A N

SUPREME COURT

HILLSDALE COUNTY SENIOR
SERVICES, INC., ELLA ASARO, LYLE
GREEN, RUTH GREEN, DONELDA
POTTS, JOHN POTTS, and KERBY
RUSHING,

       Plaintiffs-Appellants,

v                                    No. 144630

COUNTY OF HILLSDALE,

       Defendant-Appellee.

BEFORE THE ENTIRE BENCH

MARKMAN, J.

This case concerns whether the Michigan Tax Tribunal possesses jurisdiction over plaintiffs' claim for mandamus to enforce the terms of a property-tax ballot proposition that provided for the levy of an additional 0.5 mill property tax in Hillsdale County to fund plaintiff Hillsdale County Senior Services, Inc. (HCSS). Because that claim falls within the scope of MCL 205.731(a) as a "proceeding for direct review of a final decision . . . of an agency relating to . . . rates . . . under the property tax laws of this

state," we conclude that the tribunal possesses exclusive and original jurisdiction. Accordingly, we affirm the judgment of the Court of Appeals, which vacated and reversed the circuit court's judgment for mandamus for lack of subject-matter jurisdiction.

## I. FACTS AND HISTORY

Under the activities or services for older persons act (ASOPA), MCL 400.571 *et seq.*, "[a] local unit of government may appropriate funds to public or private nonprofit corporations or organizations for the purposes of planning, coordinating, evaluating, and providing services to older persons." MCL 400.573. ASOPA further provides:

> A governing body of a local unit of government may submit a millage proposition to the electorate to levy up to 1 mill for services to older citizens. This proposition may be submitted at any election held by the local unit of government, but shall not be submitted at a special election of the local unit of government called solely for the purpose of submitting this millage proposition. [MCL 400.576]

Pursuant to the foregoing provision, the Hillsdale County Board of Commissioners, as defendant's legislative body, submitted a millage proposition to the county's voters in August 2008 to raise funds for the provision of services to older persons by HCSS. The proposition posed the following question:

> Shall the limitation on the amount of taxes on the general ad valorem taxes within the County of Hillsdale imposed under Article IX, Section 6, of the Michigan Constitution be increased for said County by .5 mill ($0.50 per $1000 of taxable value) for the period of 2008 to 2022, inclusive, for the intended purpose of planning, coordinating and providing services to older persons by Hillsdale County Senior Services Center, Inc., as provided by Public Act 39 of 1976 [ASOPA]? Shall the county levy such increase in millage for this purpose during such period which will raise in the first year an estimated $676,532?

2

The proposition was approved at the August 5, 2008 election. Thereafter, in November 2009, HCSS entered into a contract with defendant for the latter to provide services for older persons from January 1, 2009, through December 31, 2010. *Hillsdale Co Senior Servs Ctr, Inc v Co of Hillsdale*, unpublished opinion per curiam of the Court of Appeals, issued January 3, 2012 (Docket No. 301607) at 2-3. However, in the two fiscal years 2009-2011, for budgetary reasons defendant declined to levy and spend the full 0.5 mill.[1] In response, plaintiffs filed a "Verified Complaint for Mandamus with Request for Temporary Restraining Order, Order to Show Cause, and Request for Preliminary Injunction" in the circuit court, requesting in part that the court:

> Issue its permanent Order of Mandamus directing the Defendant, its Board and all of its officers to instruct all pertinent tax billing authorities or agencies (e.g., city or township officials) to levy the full 0.5 mill required by the Proposal, in 2010 and all future years covered by the proposal. . . .

> * * *

> [A]ppropriate the full amount of the proceeds of the levy to [HSSC] for the provision of services to the older population of the County of Hillsdale.

The circuit court ruled in pertinent part that "the Plaintiffs' Writ for Mandamus shall be granted and Defendant shall levy the entire 0.5 mill forthwith, to be reflected on the December, 2010, tax notices and every year hereafter until 2022, inclusive, as set forth in

---

[1] In 2009-2010, defendant levied and spent 0.15 mill, and in 2010-2011, defendant budgeted to levy and spend 0.25 mill.

3

the voter approved ballot proposal."[2]  Defendant appealed, arguing that the circuit court lacked subject-matter jurisdiction over the case because it falls within the exclusive and original jurisdiction of the Tax Tribunal.[3]  The Court of Appeals agreed with defendant and vacated the circuit court's judgment.  Plaintiff then applied for and was granted leave to appeal to this Court.  *Hillsdale Co Senior Servs Ctr, Inc v Co of Hillsdale*, 493 Mich 852 (2012).

## II.  STANDARD OF REVIEW

Whether a court has subject-matter jurisdiction is a question of law reviewed de novo.  *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich ___, ___; ___ NW2d ___ (2013).  Issues of statutory interpretation are also reviewed de novo.  *Id.*

---

[2] The ruling did not, as requested by plaintiffs, order the appropriation of "the full amount of proceeds of the levy" to HCSS.  That is, the circuit court did not order defendant to *spend* the full 0.5 mill by transferring the proceeds to HCSS.

[3] Defendant did not raise the jurisdictional issue in the circuit court.  However, as the Court of Appeals asserted:

> Although defendant included lack of subject-matter jurisdiction as an affirmative defense, defendant neither briefed nor argued the issue of subject-matter jurisdiction in the trial court.  Consequently, the trial court did not rule on whether it had subject-matter jurisdiction.  However, the "[l]ack of jurisdiction of the subject matter may be raised at any time and the parties to an action cannot confer jurisdiction by their conduct or action nor can they waive the defense by not raising it.".  [*Hillsdale* unpub op at 3-4, quoting *Paulson v Secretary of State*, 154 Mich App 626, 630-631; 398 NW2d 477 (1986).]

4

## III. ANALYSIS

This Court is charged with determining whether the circuit court or the Tax Tribunal possesses subject-matter jurisdiction over this case. As always, we begin by considering the relevant constitutional and statutory provisions.

## A. STATUTORY TEXT

The jurisdiction of the circuit court is governed by Const 1963, art 6, § 13, which provides:

> The circuit court shall have original jurisdiction in all matters not prohibited by law; appellate jurisdiction from all inferior courts and tribunals except as otherwise provided by law; power to issue, hear and determine prerogative and remedial writs; supervisory and general control over inferior courts and tribunals within their respective jurisdictions in accordance with rules of the supreme court; and jurisdiction of other cases and matters as provided by rules of the supreme court.

MCL 600.605 further provides:

> Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state.

MCL 205.731 provides an exception for jurisdiction in tax cases:

> The tribunal has exclusive and original jurisdiction over all of the following:

> (a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency[4] relating to assessment, valuation,

---

[4] MCL 205.703(a) defines "agency" as "a board, official, or administrative agency empowered to make a decision, finding, ruling, assessment, determination, or order that is subject to review under the jurisdiction of the tribunal or that has collected a tax for which a refund is claimed."

rates, special assessments, allocation, or equalization, under the property tax laws of this state.

(b) A proceeding for a refund or redetermination of a tax levied under the property tax laws of this state.

* * *

(e) Any other proceeding provided by law.

Thus, for the tribunal to have jurisdiction pursuant to MCL 205.731(a), four elements must be present: (1) a proceeding for direct review of a final decision, finding, ruling, determination, or order; (2) of an agency; (3) relating to an assessment, valuation, rate, special assessment, allocation, or equalization; (4) under the property tax laws. Where all such elements are present, the tribunal's jurisdiction is both original and exclusive.

The instant appeal is a proceeding for direct review of a "final decision"-- the board's decision not to levy and spend the full 0.5 mill. The board constitutes an "agency" pursuant to the definition set forth in MCL 205.703(a). And the issue here is one arising "under the property tax laws." See MCL 400.576 (specifically allowing defendant to "levy up to 1 mill [property tax] for services to older citizens"); Const 1963, art 9, § 6 (governing property taxes).[5] Thus, the central issue in this case is whether the

---

[5] The ballot proposition explicitly referenced Const 1963, art 9, § 6, which provides in part:

Except as otherwise provided in this constitution, the total amount of general ad valorem taxes imposed upon real and tangible personal property for all purposes in any one year shall not exceed 15 mills on each dollar of the assessed valuation of property as finally equalized. Under procedures provided by law, which shall guarantee the right of initiative, separate tax limitations for any county and for the townships and for school districts

6

board's decision not to levy and spend the full 0.5 mill "relat[es] to assessment, valuation, rates, special assessments, allocation, or equalization."

None of the listed terms is statutorily defined, so we begin by consulting a dictionary. *Koontz v Ameritech Servs, Inc*, 466 Mich 304, 312; 645 NW2d 34 (2002). On initial review of this list, "rates" appears to be the most relevant term under the facts of this case. "Rate" means "the amount of a charge or payment with reference to some basis of calculation." *Random House Webster's College Dictionary* (1997). During the pertinent time periods, the board levied 0.15 and 0.25 mills, although plaintiffs claim that the ballot proposition mandated a 0.5 mill levy. Thus, the heart of the dispute pertains to the "amount of a charge" by defendant to its property taxpayers. Although plaintiffs conceded at oral argument that this case *does* pertain to rates,[6] they argued to the contrary in their briefs on the grounds that the ballot proposition could achieve only two ends: either it absolutely required the levy of the full 0.5 mill or it required nothing. However, despite plaintiffs' all-or-nothing approach, the instant dispute *does* involve rates for the

therein, the aggregate of which shall not exceed 18 mills on each dollar of such valuation, may be adopted and thereafter altered by the vote of a majority of the qualified electors of such county voting thereon, in lieu of the limitation hereinbefore established.

[6] For example, plaintiffs' counsel stated:

The County decided not to follow the mandate [in the proposition] but to impose a lesser amount and that's what the County's board did. They believed they have the discretion to do so. So why is it not a rate? It is a rate, but what they've done to resolve this dispute is not going to draw on any of the expertise of the Tax Tribunal that underlay the creation of the Tribunal in the first place.

simple fact that both "all" and "nothing" constitute rates-- 0 percent and 100 percent of the full 0.5 mill-- and in any case, defendant *did* levy and spend portions of the 0.5 mill: 30 percent of the 0.5 mill in 2009-2010 and 50 percent of the 0.5 mill in 2010-2011. Plaintiffs simply argue that defendant is required to levy and spend *more*-- that defendant must levy a larger "amount of charge," 100 percent of the full 0.5 mill. Accordingly, this case does pertain to "rates."[7] Thus, all four elements of MCL 207.731(a) are satisfied, and the tribunal possesses exclusive and original jurisdiction in this case.

## B. CASELAW

Despite the foregoing, confusion has arisen from earlier caselaw-- namely, our decisions in *Wikman v Novi*, 413 Mich 617; 322 NW2d 103 (1982), and *Romulus City Treasurer v Wayne Co Drain Comm'r*, 413 Mich 728; 322 NW2d 152 (1982), and the Court of Appeals' decision in *Jackson Dist Library v Jackson Co No 2*, 146 Mich App 412; 380 NW2d 116 (1985) (*Jackson*); rev'd on other grounds, *Jackson Dist Library v Jackson Co*, 428 Mich 371; 408 NW2d 801 (1987) (*Jackson II*). We take this opportunity to clarify the general import of those decisions as to the jurisdiction of the tribunal.

---

[7] Because we conclude that this case pertains to rates, we need not address the other terms listed in MCL 205.731(a).

*Wikman* and *Romulus* were companion cases addressing "special assessments" under MCL 205.731.[8]  In *Wikman*, the plaintiff taxpayer filed suit against the defendant city in circuit court, seeking injunctive relief and claiming that special assessments levied against him for paving a portion of a road had been calculated in an arbitrary and inequitable manner.  After issuing a preliminary injunction enjoining the collection of the special assessment, the court declared the special assessment void and permanently enjoined the defendant from its collection.  The Court of Appeals reversed and remanded to the tribunal, concluding that the latter possessed jurisdiction, and this Court affirmed.  Much of our analysis considered the particularities of special assessments.  *Wikman*, 413 Mich at 633-635 ("We recognize that significant differences exist between special assessments and other forms of taxation.").  However, *Wikman*, *id*. at 647-648, explained more generally:

> [The] Tax Tribunal lacks the power to issue an injunction.  The issuance of an injunction is an exercise of judicial power.  The constitution limits the Legislature's power to transfer judicial power to administrative agencies, see Const 1963, art 3, § 2, *Johnson v Kramer Bros Freight Lines, Inc,* 357 Mich 254, 258; 98 NW2d 586 (1959). . . .  MCL 205.732 . . . does not expressly grant the tribunal the power to issue injunctions, and such power will not be extended by implication.

Still, *Wikman* clarified:

> Although injunctive relief may not be directly available, the tribunal is empowered to issue "writs, orders, or directives," see MCL 205.732,[9]

---

[8] "Special assessments" are "pecuniary exactions made by the government for a special purpose or local improvement, apportioned according to the benefits received."  *Wikman*, 413 Mich at 632-633.

[9] MCL 205.732 provides:

9

and nothing in the Tax Tribunal Act prohibits one from seeking equitable relief to enforce a tribunal decision. [*Id.* at 648 (citations omitted).]

*Wikman* then concluded that the plaintiffs' "requests for preliminary and permanent injunctions in these proceedings do not take them out of the exclusive jurisdiction of the tribunal" because the tribunal "has the jurisdiction and ability to resolve all the claims presented." *Id.* at 648-649.

In *Romulus*, the plaintiffs, township and city treasurers and landowners, challenged special assessments for drain taxes, alleging that the defendants, the county and its board, drain commissioner, and treasurer, all committed constructive fraud by

---

The tribunal's powers include, but are not limited to, all of the following:

(a) Affirming, reversing, modifying, or remanding a final decision, finding, ruling, determination, or order of an agency.

(b) Ordering the payment or refund of taxes in a matter over which it may acquire jurisdiction.

(c) Granting other relief or issuing writs, orders, or directives that it deems necessary or appropriate in the process of disposition of a matter over which it may acquire jurisdiction.

(d) Promulgating rules for the implementation of this act, including rules for practice and procedure before the tribunal and for mediation as provided in [MCL 205.747], under the administrative procedures act of 1969, 1969 PA 306, MCL 24.201 to 24.328.

(e) Mediating a proceeding before the tribunal.

(f) Certifying mediators to facilitate claims in the court of claims and in the tribunal.

10

using drain funds to pay administrative expenses.[10] At the time of the suit, several hundred thousand dollars were held in escrow and controlled by the plaintiff treasurers. The plaintiffs sought a preliminary injunction prohibiting the defendants from enforcing the special assessments and from using the drain funds for administrative expenses, and an order that the funds held in escrow be returned to the landowner plaintiffs. In circuit court, the defendants moved for accelerated judgment on the grounds that the circuit court lacked subject-matter jurisdiction. The circuit court granted the motion, concluding that the claims were within the tribunal's jurisdiction. The Court of Appeals then reversed in part because it concluded that the tribunal lacked equitable jurisdiction. *Romulus City Treasurer v Wayne Co Drain Comm'r*, 86 Mich App 663, 669-670; 273 NW2d 514 (1978). This Court granted leave to appeal to consider "whether the Michigan Tax Tribunal is the only forum in which relief can be sought . . . ." *Romulus City Treasurer v Wayne Co Drain Comm'r*, 406 Mich 976, 976-977 (1979). *Romulus*, 413 Mich at 746, answered that question in the negative and affirmed the Court of Appeals, concluding:

> [I]t is apparent that under extraordinary circumstances a city or township treasurer may not be required to fulfill his or her ministerial duties.[11] If the instant case presents such circumstances, so as to justify

---

[10] This issue was apparently rendered moot when the Drain Code, MCL 280.1 *et seq.*, was amended. *Romulus*, 413 Mich at 733 n 2.

[11] *Romulus* cited two cases involving such "extraordinary circumstances." Both involved situations in which courts had refused to issue writs of mandamus compelling ministerial acts: *Huron Co Drain Comm'r v Chandler Twp Supervisor*, 90 Mich 278, 279; 51 NW 282 (1892) (the Court refused to issue mandamus because the "proceedings [were] so defective that no legal drain could be laid out, [and] the supervisor was not in the wrong

11

the withholding from the county of the funds now in escrow, the circuit court will need to determine what should be done with the funds. We conclude that, if the funds in escrow have been justifiably withheld from the county, the landowner plaintiffs' claim that the funds should be repaid to them because of defendants' constructive fraud is not a claim for a tax refund [pursuant to MCL 205.731(b)] within the exclusive jurisdiction of the Tax Tribunal.

The *Romulus* Court further explained that the "Tax Tribunal Act does not prevent a court of equity from determining what should be done with funds that in extraordinary circumstances have been properly withheld from the county."[12] *Id.* at 747. However, *Romulus* also stated:

> In cases not involving special assessments, the tribunal's membership is well-qualified to resolve the disputes concerning those matters that the Legislature has placed within its jurisdiction: assessments,

---

in refusing to assess the tax."); *Cheboygan Co Bd of Supervisors v Mentor Twp Supervisor*, 94 Mich 386, 387-388; 54 NW 169 (1892) (the Court refused to issue mandamus where the taxes received therefrom would be put to an illegal use). A ministerial act is one in which "the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Toan v McGinn*, 271 Mich 28, 34; 260 NW 108 (1935) (quotation marks and citation omitted).

[12] *Wikman* foreshadowed this "extraordinary circumstances" exception to the tribunal's jurisdiction:

> Case law exists indicating that the constitution places some limitations on the Legislature's power to divest the court completely of equity jurisdiction and the judicial power to grant an injunction; see *Haggerty v City of Dearborn*, 332 Mich 304; 51 NW2d 290 (1952). Thus, while there may be an extraordinary case which justifies the exercise of equity jurisdiction in contravention of a statute, this is not such a case. [*Wikman*, 413 Mich at 648.]

As the foregoing and *Romulus*' reference to the Tax Tribunal Act not "prevent[ing]" courts from acting in equity suggest, such an exception does not actually divest the tribunal of jurisdiction but rather limits the exclusivity of such jurisdiction.

valuations, rates, allocation and equalization. . . .  Although the tribunal, in making its determinations, will make conclusions of law, MCL 205.751,[13] the matters within its jurisdiction under MCL 205.731 most clearly relate to the basis for a tax, and much less clearly to the proper uses which may be made of the funds once collected.  Questions concerning how the funds collected may be expended do not appear to be implicated in disputes related to assessments, valuations, rates, allocation and equalization.  The question presented here is whether the exclusive jurisdiction of the Tax Tribunal extends to such questions when the funds are collected pursuant to special assessment laws.  [*Id.* at 737-738 (citation omitted).]

Thus, as with *Wikman*, *Romulus* was largely concerned with the particularities of special assessments.

Accordingly, it should first be noted that *Wikman* and *Romulus* are of limited application outside the context of special assessments.  To the extent that those opinions address the tribunal's jurisdiction generally, *Wikman* indicates that although the tribunal cannot *itself* issue injunctions, it can issue orders that may be enforced in circuit court.  Thus, *Wikman* does not suggest, as plaintiffs contend, that parties may affirmatively divest the tribunal of jurisdiction by seeking equitable remedies.  Indeed, *Wikman* involved a request for an equitable remedy, and this Court concluded that the tribunal possessed jurisdiction.  Moreover, as *Wikman* additionally explained, when proceeding under MCL 205.731(a), the tribunal's jurisdiction is determined by the subject matter of

---

[13] MCL 205.751(1) provides:

> A decision and opinion of the tribunal shall be made within a reasonable period, shall be in writing or stated in the record, and shall include a concise statement of facts and conclusions of law, stated separately and, upon order of the tribunal, shall be officially reported and published.

13

the proceeding, *not* on the type of relief requested.[14]  Thus, plaintiffs' requested relief

here-- mandamus-- does not divest the tribunal of jurisdiction.[15]

Moreover, *Romulus* suggests that in "extraordinary circumstances"-- those so

extraordinary that a court may deny mandamus compelling ministerial acts-- the circuit

court retains equitable jurisdiction to decide a case that arguably falls within the scope of

MCL 205.731(b) (proceedings for refunds).  Although this case involves a request for

mandamus, it does not present "extraordinary circumstances" such as those present in

*Romulus*, *Huron*, and *Cheboygan*.  Further, this case does not involve a proceeding for a

refund under MCL 205.731(b); rather, it involves a proceeding under MCL 205.731(a).

Once again, therefore, the subject matter, not the type of relief requested, determines the

---

[14] *Wikman* explained:

> The tribunal's jurisdiction is based either on the subject matter of the
> proceeding (*e.g.*, a direct review of a final decision of an agency relating to
> special assessments under property tax laws) or the type of relief requested
> (*i.e.*, a refund or redetermination of a tax under the property tax laws). In
> the instant case, the jurisdiction of the Tax Tribunal is governed by the first
> subsection since plaintiffs are seeking to enjoin permanently the collection
> of a special assessment rather than to obtain a refund of a tax. [*Wikman*,
> 413 Mich at 631.]

[15] Plaintiffs alternatively argue that defendant's defenses raise constitutional claims that
the tribunal is unfit to consider, citing *Wikman*'s statement that "[g]enerally speaking, an
agency exercising quasi-judicial power does not undertake the determination of
constitutional questions or possess the power to hold statutes unconstitutional." *Wikman*,
413 Mich at 646-647.  However, plaintiffs omit the sentences that follow: "However, the
constitutional claims in this case do not involve the validity of a statute.  Rather,
plaintiffs' claim is merely an assertion, in constitutional terms, that the assessment was
arbitrary and without foundation." *Id*. at 647.  As in *Wikman*, defendant does not seek to
invalidate a statute.  Defendant's constitutional defenses do not provide an alternative
basis for divesting the tribunal of jurisdiction.

tribunal's jurisdiction. Thus, neither *Wikman* nor *Romulus* provides a basis for divesting the tribunal of jurisdiction.

The Court of Appeals' decision in *Jackson* is in accord. In 1977, Jackson County voters approved a 20-year levy of one mill to establish a public library system, thereby creating the petitioner, Jackson District Library.[16] In 1982, the respondent, Jackson County Board of Commissioners, rolled back the millage to 0.9651 mill pursuant to MCL 211.24e.[17] The petitioner filed a complaint in circuit court, alleging that the board lacked authorization to roll back the mill. The complaint was subsequently amended to add a second count seeking declaratory judgment as to whether the levy was subject to the statute. These two counts were dismissed by stipulation of the parties for lack of subject-matter jurisdiction, and a petition containing two virtually identical counts was filed with

---

[16] The proposition asked the following question:

> Shall the limitation on the total amount of taxes which may be imposed upon all property in the County of Jackson be increased by 1.00 mill on each dollar ($1.00 per $1,000.00) of the assessed valuation, as equalized, for a period of twenty (20) years, 1977 to 1996, inclusive, said millage increase to be used exclusively for the purpose of establishing and operating a single public library system in Jackson County? [*Jackson II*, 428 Mich at 375 n 5.]

[17] MCL 211.24e(2) provides in relevant part:

> [U]nless the taxing unit complies with section 16 of the uniform budgeting and accounting act, 1968 PA 2, MCL 141.436, the governing body of a taxing unit shall not levy ad valorem property taxes for operating purposes for an ensuing fiscal year of the taxing unit that yield an amount more than the sum of the taxes levied at the base tax rate on additions within the taxing unit for the ensuing fiscal year plus an amount equal to the taxes levied for operating purposes for the concluding fiscal year on existing property.

the tribunal, whereupon the tribunal determined that it lacked jurisdiction. However,

citing *Wikman*, the Court of Appeals reversed that determination, concluding:

> Petitioner's claim fits the act's jurisdictional requirement. Petitioner appealed from a final determination of respondent board to rollback a tax levy pursuant to MCL 211.24e. Respondent board may be viewed as an "agency" for such purpose. The appeal related to a determination of rates under property tax laws, since respondent board's action was characterized as a tax rate rollback and petitioner asserted that public hearings were held to determine if one mill should be levied. Accordingly, the tribunal had exclusive jurisdiction over petitioner's claim pursuant to MCL 205.731(a). Because jurisdiction over respondents was obtained when petitioner originally filed its action in the circuit court, the 30-day limitation period of MCL 205.735 was tolled, and thus this matter was not removed from the tribunal's jurisdiction. *Wikman v Novi*, 413 Mich 617; 322 NW2d 103 (1982). [*Jackson*, 146 Mich App at 417-418 (citations omitted).]

Although this Court subsequently reversed *Jackson* on other grounds, see *Jackson II*, 428

Mich at 377-378, *Jackson*'s jurisdictional ruling was never appealed to this Court.

The circumstances surrounding the jurisdictional ruling in *Jackson* are analogous

to those in this case. As the Court of Appeals explained in *Hillsdale*, unpub op at 5:

> In *Jackson*[], the plaintiffs sought direct review of a "final decision, finding, ruling, determination or order of an agency." In the present case, plaintiffs sought an order of mandamus to compel the county to levy the full amount of the millage approved by voters. However, the gist of plaintiff's action concerns whether the county has authority to levy less than the millage limitation approved by voters. A jurisdictional claim "should be determined not by how the plaintiff phrases its complaint, but by the relief sought and the underlying basis of the action."[18] *Colonial Village Townhouse Cooperative v Riverview*, 142 Mich App 474, 477-478; 370 NW2d 25 (1985). As in *Jackson*[], the question presented by plaintiffs' action relates to direct review of a determination of rates under

---

[18] As explained earlier, because this case proceeds under MCL 205.731(a), the tribunal's jurisdiction is based on the subject matter of the proceeding, not the type of relief requested.

the property tax laws. Accordingly, the Tax Tribunal has subject-matter jurisdiction and the circuit court lacked jurisdiction to enter a judgment of mandamus.

We agree. As explained in Section III(A) of this opinion, this case falls within the tribunal's jurisdiction, and, as further explained in this section, such a determination is entirely consistent with *Wikman* and *Romulus*. Thus, this case belongs to the tribunal "[n]o matter how skillfully plaintiff camouflages" its claims. *Colonial Village,* 142 Mich App at 478.

## IV. CONCLUSION

This case concerns whether the Michigan Tax Tribunal possesses jurisdiction over plaintiffs' claim for mandamus to enforce the terms of a property-tax ballot proposition that provided for the levy of an additional 0.5 mill property tax in Hillsdale County to fund plaintiff HCSS. Because that claim falls within the scope of MCL 205.731(a) as a "proceeding for direct review of a final decision . . . of an agency relating to . . . rates . . . under the property tax laws of this state," we conclude that the tribunal possesses exclusive and original jurisdiction. Accordingly, we affirm the judgment of the Court of Appeals, which vacated and reversed the circuit court's judgment for mandamus for lack of subject-matter jurisdiction.

Stephen J. Markman
Robert P. Young, Jr.
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano

CAVANAGH, J., concurred in the result only.

17