# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN LECHNER,

        Plaintiff-Appellant,

v

ROBIN A. LECHNER,

        Defendant-Appellee,

and

MICHAEL BRYCE WINNICK,

        Defendant.

UNPUBLISHED
May 21, 2015

No. 321250
Chippewa Circuit Court
LC No. 3-013005-CZ

Before: GLEICHER, P.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

Following the divorce of John and Robin Lechner, but pending the resolution of their property division, Mrs. Lechner sold a home on Riverside Drive in Sault Ste. Marie. After losing his bid to set aside the sale in the divorce proceeding, Mr. Lechner filed a separate lawsuit against Mrs. Lechner and her divorce attorney, Michael Winnick. The circuit court dismissed this separate action for lack of subject-matter jurisdiction. We affirm.

## I. BACKGROUND

The history of the Lechners' divorce proceedings is detailed in the companion appeal of *Lechner v Lechner* (Docket No. 323892). Pertinent to the current matter, this Court essentially vacated a 2007 default divorce judgment and remanded for the trial court to equitably divide the parties' property. See *Lechner v Lechner*, unpublished order of the Court of Appeals, entered June 8, 2011 (Docket No. 301380). Thirteen days later, on June 21, 2011, Mrs. Lechner sold a parcel of marital real estate known as the Riverside Drive property to Jennifer Horn for $46,000. Mrs. Lechner was the lone grantor on the warranty deed. In the divorce action, Mr. Lechner asserted that Mrs. Lechner fraudulently sold the property to her best friend below true cash value and he sought to void the sale. The court rejected Mr. Lechner's request because the title had already been transferred and the court could not recapture it in the divorce proceeding. Instead, the court considered the sale proceeds as a marital asset and divided them in the property judgment.

-1-

Mr. Lechner subsequently filed the current action, alleging that Mrs. Lechner's transfer was fraudulent and that she acted on the advice of her divorce attorney, Mr. Winnick. Mr. Lechner averred that the sale of this marital property occurred without his consent and in violation of the Uniform Fraudulent Transfer Act, MCL 566.34, and therefore was invalid. He requested that the court declare the sale void and rescind it, returning the property to the marital estate.[1]

Mrs. Lechner filed a summary dismissal motion pursuant to MCR 2.116(C)(7), noting that the trial court's refusal to void the sale or find the transaction fraudulent had res judicata or collateral estoppel effect in the current action. She further sought dismissal under MCR 2.116(C)(4), contending that the circuit court lacked subject-matter jurisdiction over the proceeding. Of import to Mrs. Lechner's arguments, the court in the divorce action denied Mr. Lechner's motions to void the sale, reasoning:

> If it has already been sold I don't know what you can do except for the fact if the property was part of the marital estate and it has been sold by [Mrs.] Lechner then we give you credit. I can't get the property back, property that has been sold.
>
> . . . I can't go back and resurrect something. You people have moved on. So all I can do is divide whatever marital property there is. Now, if you can show me proof that it was marital property that was sold then whatever person is going to get credit for whatever it is. So that's all I can do. . . .

At the close of the divorce proceedings, the court found that Mrs. Lechner had used $16,000 of the sale proceeds to satisfy debts against the property and counted the remaining $30,000 among her assets. Mr. Lechner filed the current lawsuit one month after the court's distribution of the proceeds from the sale in the divorce action.

At the hearing on Mrs. Lechner's motion to dismiss Mr. Lechner's current lawsuit, Mr. Winnick argued that the court did not have subject-matter jurisdiction because the divorce court "ruled as a matter of law that home was no longer within the marital estate." In granting Mrs. Lechner's motion to dismiss, the court stated:

> At the time of an earlier divorce decree it was awarded to [Mrs.] Lechner. That divorce decree was appealed and it was eventually set aside. However, the

---

[1] We note that the family division of the circuit court had exclusive jurisdiction over many of these issues. See *Souden v Souden*, 303 Mich App 406, 410; 844 NW2d 151 (2013) (holding that the circuit court family division has exclusive jurisdiction to determine the property rights and obligations between a husband and wife in a divorce proceeding, and that a necessary third party may be added "if they are alleged to have conspired with one spouse to defraud the other spouse"). However, the circuit court judge who presided over the current matter was also presiding over the divorce matter at that time. To preserve judicial resources, we decline to remand for assignment of the property matter to the family division docket.

title to that property was passed and I'm sure that there was a title insurance commitment paper that went with it. . . . I do know this; at the time we dealt with this it was conceded that it was not within the marital estate. . . . We knew it had been sold; the title had passed so in the divorce de[c]ree I didn't have title to award that to either party.

\* \* \*

So for you to come back and sue her to set aside that or to ask for this title; we don't have the title to this and I'd have to agree with [Mr.] Winnick that we don't have subject matter jurisdiction and frankly, I don't need to get into this any deeper than that.

The court also expressed confusion at Mr. Lechner's decision to name Mr. Winnick as a defendant as "he certainly never had title to this real estate."

## II. ANALYSIS

Mr. Lechner challenges the circuit court's dismissal of his property claim on subject-matter jurisdiction grounds. We review de novo a trial court's decision on a motion for summary disposition. *Papas v Mich Gaming Control Bd*, 257 Mich App 647, 656; 669 NW2d 326 (2003). Similarly, "[w]hether a court has subject-matter jurisdiction is a question of law reviewed de novo." *Hillsdale Co Senior Servs v Hillsdale Co*, 494 Mich 46, 51; 832 NW2d 728 (2013).

Before reaching the merits of this appeal, we address certain misconceptions in Mr. Lechner's brief. First, contrary to Mr. Lechner's assertion, this proceeding is not "a post judgment petition" in the divorce matter. Mr. Lechner filed a separate lawsuit with its own lower court docket number and added a defendant who was not a party to the divorce. Second, Mr. Lechner contends that the court exerted subject-matter jurisdiction over the property in the divorce action even after it had been sold. This description is inaccurate. The court in the divorce action deemed the proceeds from the property sale to be a marital asset, not the property itself. The court allocated those proceeds, not the real estate.

"Jurisdiction, when applied to courts, is the power to hear and determine a cause or matter. Jurisdiction lies at the foundation of all legal adjudications. The court must have cognizance of the class of cases to which the one to be adjudicated belongs." *Bowie v Arder*, 441 Mich 23, 36; 490 NW2d 568 (1992) (quotation marks, citations, and alterations omitted). Actions to determine title to property are generally equitable in nature. See *Beach v Lima Twp*, 489 Mich 99, 106; 802 NW2d 1 (2011). "A circuit court's equitable jurisdiction extends to the power and jurisdiction 'possessed by courts and judges in chancery in England on March 1, 1847, as altered by the constitution and laws of this state and the rules of the supreme court.' " *Id.* at 38, quoting MCL 600.601(2).

Had Mr. Lechner named a party with a current interest in the subject property, the circuit court would have had subject-matter jurisdiction over his suit. MCL 600.2932(1) provides:

Any person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to

-3-

possession of land, may bring an action in the circuit courts *against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff*, whether the defendant is in possession of the land or not. [Emphasis added.]

Mr. Lechner did not assert that either Mrs. Lechner or Mr. Winnick "claim[ed] or might claim" an interest in the property. To the contrary, Mr. Lechner asserted that Mrs. Lechner had alienated her interest in the property fraudulently and on the advice of her attorney, who never maintained an interest in the real estate. The circuit court had no jurisdiction to consider placing title between three parties, none of whom claimed to currently possess title to the property.

In addition, the circuit court could have dismissed the current action on res judicata grounds. Res judicata prevents "multiple suits litigating the same cause of action." *Adair v State*, 470 Mich 105, 121; 680 NW2d 386 (2004). The doctrine bars a second, subsequent action when "(1) the prior action was decided on the merits, (2) the decree in the prior decision was a final decision, (3) both actions involved the same parties or their privies, and (4) the matter in the second case was or could have been resolved in the first." *Stoudemire v Stoudemire*, 248 Mich App 325, 334; 639 NW2d 274 (2001). Res judicata is broadly applied, barring not only claims already litigated, "but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair*, 470 Mich at 121.

In the divorce action between Mr. and Mrs. Lechner, the trial court rejected Mr. Lechner's attempts to void the subject property sale. The court concluded that neither of the Lechners maintained an interest in the property after the sale and therefore recapturing the property for the marital estate was impossible. Instead, the court considered the value of the property in making an equitable distribution of the marital estate. Of note, Mr. Lechner failed to present an appraisal to support his contention that Mrs. Lechner fraudulently sold the property to her best friend below market value.

The court in the divorce action considered the merits of Mr. Lechner's claim to invalidate the property sale based on Mrs. Lechner's alleged fraud. The divorce court determined that it could not set the sale aside absent the presence of the third-party purchaser. Mr. Lechner prevented the court from considering whether Mrs. Lechner fraudulently devalued the property by failing to present any evidence. Therefore, the issue of fraud could have been considered in the first action had Mr. Lechner acted with due diligence. Both actions involved the same parties and their privies—Mr. and Mrs. Lechner and Mrs. Lechner's counsel. And the court reached a final judgment, allocating the proceeds from the sale in its equitable property division.

We affirm.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto