*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESQUIRE DEVELOPMENT AND
CONSTRUCTION INC.,

UNPUBLISHED
November 30, 2023

Plaintiff-Appellant,

v

No. 365110
Ingham Circuit Court
LC No. 21-000104-CZ

CITY OF MASON,

Defendant-Appellee.

Before: HOOD, P.J., and JANSEN and FEENEY, JJ.

PER CURIAM.

Plaintiff, Esquire Development and Construction, Inc., appeals as of right the trial court's opinion and order denying plaintiff's motions for partial summary disposition and granting summary disposition in favor of defendant, the City of Mason. Plaintiff argues on appeal that the trial court erred in dismissing its claims relating to building permits as moot, and that it should have granted plaintiff summary disposition under MCR 2.116(C)(10). We vacate the trial court order, and remand for further proceedings.

## I. FACTUAL BACKGROUND

Plaintiff is a Michigan corporation that purchased 43.8 acres of vacant land in Mason in 1999. Plaintiff submitted a community unit plan (CUP) to defendant for approval to start development. Defendant approved the CUP on April 3, 2000, authorizing the development of 38 single-family home sites, 176 multifamily residential units, and up to 154 garages. Plaintiff developed 34 of the 38 single-family homes as Franklin Farms Condominiums (FFC), originally administered by the Franklin Farms Condominium Association (FFCA). Plaintiff transferred control of the FFCA to the homeowners as required by law in 2003, but it dissolved in 2010.

Wishing to develop two of the four vacant lots for single-family homes, plaintiff applied for building permits from defendant in April 2019. Defendant, through its Community Development Director, Elizabeth Hude, denied the permits by letter dated July 2, 2019. The reasoning provided for denying the permits was that the FFCA was inactive, which was a violation of the master deed, which required the association to maintain the common elements, in particular,

the storm drainage utilities, which were overgrown.  Second, there was a lack of proper emergency egress, plaintiff had participated in an appeal to the Department of Environmental Quality preventing extension of Franklin Farms Drive in 2011, and once plaintiff consented to that plan, the City would consider the permits.

## II.  PROCEDURAL HISTORY

Plaintiff appealed the City's decision to the Mason Zoning Board of Appeals (ZBA), which concluded that except for the drainage system, the applications met the requirements.  As such, the ZBA overturned the denial of the Community Development Director and granted the permits subject to two conditions: (1) that control of the detention basin be shifted from the FFCA to the Ingham County Drain Commission, and (2) that a contract be entered under supervision of the Drain Commission to make improvements to the basin.

Plaintiff appealed the decision of the ZBA in the circuit court, Lower Court No. 19-797-AA.  On November 13, 2020, the trial court ruled that the conditions imposed on the building permits were unlawful and improper, and ordered they be removed.  Based on this conclusion, the court declined to consider plaintiff's constitutional arguments.  On remand to the ZBA, it modified its decision and granted the permits unconditionally.  In the 2019 case, the parties stipulated to dismiss plaintiff's remaining claims with prejudice after plaintiff filed suit alleging these claims in this case, Lower Court No. 21-000104-CZ.

In the present case, plaintiff alleged the following five counts related to the building permits under 42 USC 1983: (I) First Amendment retaliation regarding the road extension; (II) denial of substantive due process; (III) denial of procedural due process; (IV) denial of equal protection, and (V) inverse condemnation.[1]  Defendant answered the complaint and filed affirmative defenses, asserting that the claims were moot.  Plaintiff then filed three partial motions for summary disposition, related to Counts I and V, and two of defendant's affirmative defenses.  Plaintiff argued it was entitled to summary disposition of its inverse condemnation claim because by conditioning the permits, defendant took plaintiff's property without just compensation, at least temporarily.  Plaintiff argued it was entitled to summary disposition of its First Amendment retaliation claim because defendant denied the building permits in retribution for plaintiff participating in the appeal of the road extension.  Lastly, plaintiff moved for summary disposition under MCR 2.116(C)(9) as to defendant's affirmative defenses of lack of jurisdiction, res judicata, collateral estoppel, and issue preclusion.  Plaintiff asserted the court had subject-matter jurisdiction over plaintiff's constitutional claims, and the preclusion doctrines did not bar Counts I to V because these claims had not accrued at the time of any of the previous proceedings between these parties.

Defendant moved for summary disposition of Counts I to V, arguing that these claims were moot because plaintiff was ultimately granted the building permits, and were not ripe.  Defendant then argued that each claim failed on its merits.  Ultimately, the court denied plaintiff's motions for partial summary disposition, granted defendant summary disposition, and dismissed plaintiff's

---

[1] In Counts VI to VIII, plaintiff alleged taxation by fraud, unlawful taking by innocent misrepresentation, and unlawful taking by silent fraud, in relation to years-long tax disputes between the parties.  These issues are not relevant to this appeal.

claims. The court determined that Counts I to V were moot given the court's decision in the 2019 case, the ZBA's removal of the conditions and granting of the permits, and plaintiff's failure to begin the project. Assuming without deciding that a taking did occur, the court determined that plaintiff's taking claim was rendered moot when the 2019 case decision was entered and the ZBA issued the permits without conditions. Thus, plaintiff could not argue that it was deprived of the economic use or benefit of the property, that it was treated differently, or deprived of substantive or procedural due process—plaintiff received the full benefit it was due. Therefore, the court determined it lacked subject-matter jurisdiction over Counts I to V because of mootness, and dismissed plaintiff's claims under MCR 2.116(C)(4). The court denied plaintiff's motion for reconsideration of this decision, and plaintiff now appeals.

## III. STANDARD OF REVIEW

The trial court's decision on a motion for summary disposition is reviewed de novo. *True Care Physical Therapy, PLLC v Auto Club Group Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 362094); slip op at 3. The trial court granted defendant summary disposition and dismissed plaintiff's claims under MCR 2.116(C)(4), which provides that summary disposition is proper if "[t]he court lacks jurisdiction of the subject matter." The trial court determined that it lacked subject-matter jurisdiction because plaintiff's claims were moot. "In reviewing a motion under MCR 2.116(C)(4), it is proper to consider the pleadings and any affidavits or other documentary evidence submitted by the parties to determine if there is a genuine issue of material fact." *Forest Hills Co-operative v Ann Arbor*, 305 Mich App 572, 617; 854 NW2d 172 (2014) (quotation marks and citations omitted). "For jurisdictional questions under MCR 2.116(C)(4), this Court determines whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate a lack of subject matter jurisdiction." *True Care Physical Therapy*, ___ Mich App at ___; slip op at 4 (quotation marks and citation omitted). Whether a court has subject-matter jurisdiction and whether an issue is moot are also questions of law that this Court reviews de novo. *Hillsdale Co Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 51; 832 NW2d 728 (2013); *Bailey v Antrim Co*, 341 Mich App 411, 419; 990 NW2d 372 (2022).

## IV. ANALYSIS

Plaintiff argues that the trial court's dismissal of its permit claims was improper because they were not moot, and then argues the merits of its takings claim on appeal. We agree that the trial court erred in determining that plaintiff's claims were moot, and therefore remand this matter to the trial court to address these claims in the first instance.

"Subject-matter jurisdiction refers to a court's power to act and authority to hear and determine a case." *Forest Hills Co-operative*, 305 Mich App at 617. "It is universally understood that a moot case is one which seeks to get a judgment on a pretended controversy, when in reality, there is none, or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy. Accordingly a case is moot when it presents nothing but abstract questions of law which do not rest upon existing facts or rights." *People v Richmond*, 486 Mich 29, 34-35; 782 NW2d 187 (2010), reh gtd in part on other grounds 486 Mich 1041 (2010), amended by 784 NW2d 204 (2010) (quotation marks, brackets, ellipses, and citations omitted).

-3-

"The Takings Clauses of the Michigan and United States Constitutions both prohibit the taking of private property for public use without just compensation." *Gym 24/7 Fitness*, 341 Mich App at 260 (quotation marks and citation omitted); US Const, Am V; Const 1963, art 10, § 2.

> The Taking Clauses do not prohibit the government's interference with a private individual's property, but require that interferences amounting to a taking be compensated. Generally speaking, the government takes private property from the owner by way of formal condemnation proceedings, but regulations issued by the government that overburden property can also result in a compensable taking. A "categorical" taking occurs when there has been a physical invasion of a landowner's property *or* when a regulatory taking has deprived an owner of *all* economically and beneficial use of the land. Regulatory taking claims that do not rise to the level of a categorical taking are governed by the standard set out in [*Penn Central Transp Co v New York City*, 438 US 104; 98 S Ct 2646; 57 L Ed 2d 631 (1978)]. A mere reduction in the value of regulated property is insufficient by itself to establish that a compensable taking has occurred.

> The Michigan Supreme Court in *K&K Constr, Inc v Dep't of Nat'l Resources*, 456 Mich 570, 576; 575 NW2d 531 (1998), similarly observed that a person's property may effectively be taken when it is overburdened by regulations. Taking actions require a case-specific inquiry, and land-use regulations can effectuate a taking when they deny a landowner economically viable use of his or her property. As indicated, a "categorical" taking occurs when a regulation deprives an owner of *all* economically productive or beneficial use of property. And a noncategorical regulatory taking can occur upon application of the *Penn Central* balancing test.

> Inverse condemnation is a de facto taking in which the government effectively takes property absent formal condemnation proceedings. An inverse condemnation claim may be based upon the government's "regulatory taking" of private property. Inverse condemnation concerns the taking of private property, and pursuant to the Takings Clauses, a victim of such a taking is entitled to just compensation for the value of the property taken. [*Gym 24/7 Fitness*, 341 Mich App at 260-262 (quotation marks, citations, and brackets omitted).]

A taking may be temporary or permanent, and even a temporary taking can be compensable under the Takings Clauses. *Id*. at 262-263.

Plaintiff officially applied for the building permits to build single-family homes on two vacant lots in FFC in April 2019.[2] The denial letter written by the Community Development Director was issued July 7, 2019, and plaintiff appealed to the ZBA two days later. In ZBA resolution 2019-01, dated September 9, 2019, the ZBA granted the permit applications subject to the two conditions—transferring control of the storage basin to the Drain Commission, and

---

[2] Although plaintiff asserts that it was first informed by defendant in 2018 that defendant would not issue plaintiff permits, there is no evidence of such in the record.

-4-

entering a contract to improve and clean up the basin. Plaintiff appealed this decision in the circuit court, Lower Court No. 19-797-AA, and on November 13, 2020, the trial court entered the opinion and order in the 2019 case declaring the conditions improper, and remanding to the ZBA to grant the permits unconditionally. On December 9, 2020, the ZBA modified its decision and removed the conditions, thereby granting the permits in full. Plaintiff's claim in this case amounts to a temporary regulatory takings claim.

In granting defendant summary disposition of Counts I to V pertaining to the building permits and dismissing these claims, the court determined that these claims were moot given the decision in the 2019 case, the ZBA's removal of the conditions, and plaintiff's failure to act on those permits. This was in error. Although an alleged regulatory taking may be temporary, this does not mean that it never occurred, or that a plaintiff cannot seek damages. In this instance, the removal of the conditions and granting of the permits does not negate whether or not a temporary taking did occur. And as noted above, damages are available for temporary takings. *Gym 24/7 Fitness*, 341 Mich App at 262; see also *First Evangelical Lutheran Church of Glendale v Los Angeles Co*, 482 US 304, 318; 107 S Ct 2378; 96 L Ed 2d 250 (1987). Assuming without deciding that a temporary taking occurred between the time the permits were conditionally granted and the time the conditions were removed and the permits granted, plaintiff would be entitled to seek compensatory damages. Thus, the trial court erred in determining that plaintiff's claims were moot on the basis that the permit conditions were removed and the permits ultimately granted because, regardless of this, damages are an available remedy for a successful temporary takings claim.

To the extent that defendant argues in the alternative that plaintiff's claims were not ripe, we write further to provide that ripeness does not preclude consideration of plaintiff's claims on remand. "A challenge to the validity of a zoning ordinance 'as applied,' [] analyzed under 42 USC 1983 . . . as a taking under the Just Compensation Clause of the Fifth Amendment, is subject to the rule of finality." *Paragon Props Co v Novi*, 452 Mich 568, 576; 550 NW2d 772 (1996). "The finality requirement is concerned with whether the initial decisionmaker has arrived at a definite position on the issue that inflicts an actual, concrete injury[.]" *Id*. at 577 (quotation marks, citation, and brackets omitted). Zoning boards of appeals have the authority to issue final decisions, and administrative review must be exhausted before a takings claim is ripe. *Id*. at 578-581. In this case, this occurred after the ZBA denied plaintiff's permits, and although plaintiff did appeal that decision in the circuit court, there was no requirement to do so before pursuing a takings claim. See *id*. Thus, plaintiff's takings claim was ripe because it followed the initial adverse decision of the ZBA, which was a final decision.

We conclude that the trial court erred in denying plaintiff summary disposition and granting defendant summary disposition on the basis of mootness, and a remand is proper for the trial court to consider all of plaintiff's claims in the first instance. Both parties concede on appeal that since the trial court did not address the merits of the claims,[3] these issues are not properly before this

---

[3] To the extent plaintiff argues that the trial court did, in fact, find that a taking occurred, the plain language of the various trial court orders plaintiff relies on does not support this conclusion. The language of the opinion and order granting defendant summary disposition clearly stated, "Assuming that a taking did occur—*and this Court declines to make that determination . . . .*"

Court. This Court may overlook preservation requirements to decide unpreserved issues in certain instances, *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002); however, this Court's practice, more often than not, is to decline to decide issues for the first time on appeal, and instead remand the issues to be decided by the trial court in the first instance, *Jawad A Shah, M.D., PC v State Farm Mur Auto Ins Co*, 324 Mich App 182, 210; 920 NW2d 148 (2018).

The trial court's opinion and order denying plaintiff's motions for partial summary disposition and granting summary disposition in favor of defendant is therefore vacated, and this matter is remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Kathleen Jansen
/s/ Kathleen A. Feeney